ROBERT JAMES GIZZO V. STATE

No. 27,093. November 10, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 15, 1954

*Piranio, Piranio & Fults,* by *Angelo Piranio,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *James K. Allen* and *Charles S. Potts,* Assistants District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged by indictment with the offense of robbery alleged to have been committed on March 13, 1953, by assault and violence and by putting in fear of life and bodily injury one, George T. Finney, alleging that he took from the person and possession of the said Finney and against his con-

sent two billfolds, one lot of assorted narcotics and fourteen dollars in current money of the United States of America.

The facts proven on the trial show that on the day in question Mr. Finney opened the Harold Lloyd's Prescription Pharmacy in Dallas, Texas, about eight o'clock in the morning; that soon thereafter the appellant walked into the place of business and by exhibiting a knife with a blade approximately ten inches in length he forced Mr. Finney to place in a brief case one lot of assorted narcotics, containing about forty-four bottles. Appellant then took one billfold from Mr. Finney and ten dollars in current money from the cash register in the store. While engaged in this act a further person, Mr. Lloyd, walked in and appellant took from him (Lloyd) without his consent, his billfold and four dollars in money. Both of these men were then forced to lie down and were tied together with a wire. Appellant then left the pharmacy.

Mr. Finney and Mr. Lloyd both testified that they were in fear of their lives at the time that appellant used this knife and threatened them therewith.

On the same day the appellant was seen in the town of Lewisville in Denton County (about fourteen miles from the city of Dallas) by Mrs. Bessie League who was the proprietress of a tourist court. At that time the appellant gave his name as R. J. LaVelle. She became suspicious of the appellant after he had been at her tourist court for awhile. He was then located in Cabin No. 5. She summoned Harold Tanner, who was the city marshal in the town of Lewisville. He appeared at her invitation and knocked on the door of Cabin No. 5. Appellant, who was located therein, then invited the officer to come in. The officer sat down and had a conversation with the appellant. He observed a box containing two billfolds and the driver's license of Mr. Finney as well as that of Mr. Lloyd. He also observed an open brief case containing a number of bottles which the officer took to be narcotics. He then told the appellant that he would like for him to come down to the city hall and get matters straightened out. He took the appellant along with the box containing the billfolds and driver's licenses and the brief case in which there were forty or more bottles of narcotics. The officer then notified the Federal Narcotic Agent relative thereto.

Soon thereafter a deputy sheriff from Dallas County had a conversation with the appellant, after which the officer went

to the appellant's car and there found under the seat a knife which was later identified by Mr. Finney and Mr. Lloyd as being very similar to the one that was used in the holdup.

Appellant received a penalty of twenty-five years in the penitentiary from which he appeals and presents the following bills of exception:

Bill of Exception No. 1 relates to an objection to the court's charge, the gist of the objection being that the jury were therein charged that they could take into consideration the fact that appellant did fraudulently and without the consent of and against the will of the said George T. Finney take from the person and possession of the said Finney the personal property or any part thereof described in the indictment, it being the contention of the appellant that it was necessary that the state prove that appellant took all the property that was alleged to have been taken and that it would not be sufficient if it were shown that he had taken only a portion of the property thus so charged. It is the appellant's contention that the state had charged that he took two billfolds, fourteen dollars and a quantity of narcotics, whereas the testimony showed that he only took from Mr. Finney one billfold and ten dollars in money as well as other articles. We think that the decisions are plain and uncontradicted that it is only necessary that a portion of the property thus charged be taken, and it is not necessary to show the theft of all the property thus charged. See Bailey v. State, 139 Texas Cr. R. 260, 139 S.W. 2d 599, and many cases there cited; also Maloney v. State, 45 S.W. 718, in which we held:

"The evidence shows that the appellant forcibly took all the money; that the 25-cent piece was taken by violence, and the $4.50 was taken from the pocketbook of Fowler, who delivered the same to the defendant because of threats and fear of threatened violence. But it would be immaterial how the $4.50 was taken, because the defendant had taken the 25-cent piece so as to constitute robbery. The court was correct in charging that the taking of any of said money by force would be sufficient to constitute the defendant guilty of robbery."

See also Howell v. State, 154 Texas Cr. R. 8, 224 S.W. 2d 228; Bybee v. State, 122 Texas Cr. R. 202, 54 S.W. 2d 142.

Bill of Exception No. 2 complains because the court failed to instruct the jury to return a verdict in favor of the appellant on the ground set forth in Bill No. 1.

We find another proposition under Bill No. 2 wherein appellant complains of the fact of the recovery of the merchandise and property by Mr. Tanner, the city marshal of Lewisville, claiming that the same was not recovered upon any search warrant or permission of the appellant to make the search, but that the same was recovered by an illegal search and seizure and that therefore the testimony of Tanner should not be heard herein. It appears that Tanner was invited down to this property by the lady in charge thereof and that he knocked on the door of her Cabin No. 5 wherein the appellant was present. Appellant came to the door and opened it and invited the officer to come in; that upon entering the cabin the officer saw a cardboard box and leather brief case and ascertained the fact that the box contained the operator's licenses of Mr. Finney and Mr. Lloyd, and that in the brief case there were small bottles of some type of medicine which looked like narcotics. All of this property was in plain view of the officer upon his entering the room at the invitation of the person in charge of the tourist court as well as of the appellant himself. The officer made no search but merely saw the property about which he testified. Surely he could testify as to what he saw upon the invitation of the parties in charge of this tourist court and this cabin.

We held in Crowell v. State, 147 Texas Cr. R. 299, 180 S.W. 2d 343, that "it is not a search to observe that which is open to view." Many cases are cited in that opinion.

Appellant's Bills of Exception Nos. 3 and 4 are met with our holding on his Bill No. 2.

Bill No. 5 relates to certain remarks by the assistant district attorney in his closing argument to the jury. Appellant prepared his Bill No. 5 and the trial court qualified the same. Being dissatisfied with such qualification, the appellant excepted thereto, and the court filed his own bill, which seems to be based upon the following occurrence: The assistant district attorney, James Allen, in his argument to the jury, stated to them as follows:

"I want to say to you that although this has been a rather short case, it does not reflect the importance of this case to the people of Dallas County or to (the) State of Texas."

This argument was complained of by the appellant as being of an inflammatory nature and having an evil effect upon the jury and that same was not induced by any acts or conduct on

the part of the defendant or his attorney in this cause and that the remarks were prejudicial, hurtful and unwarranted, and were made for the express purpose of influencing and prejudicing the minds of the jury and were outside of the record.

The court refused to sign such bill but did prepare one of his own, and among other things certified that he (the court) was of the opinion that the statement above set forth was made in answer to the argument of Mr. Piranio (defendant's counsel) who stated that this was a little old case and that no one was injured in the robbery and no one was killed in the robbery, and that most of the property was returned and that if the jury convicted the defendant at all, the punishment should be the minimum. In the first place, we are of the opinion that the remarks of the assistant district attorney were within the record and not objectionable in themselves. In the second place, we think that the remarks were invited by the argument of the appellant's counsel. Therefore, we see no error manifested therein.

There are two further bills but they seem to be but a reiteration of the matters herein complained of.

We find no error presented to us in this record. Therefore, the judgment will be affirmed.