RUDY FLORES V. STATE

No. 31,857. April 13, 1960

*Webb, Schulz & Stokes*, by *Malcolm C. Schulz*, Abilene, for for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of marihuana; the punishment, two years.

This is a companion case with that of Davila v. State, No. 31,819, 335 S.W. 2d 610.

Two officers in a car met and passed a pickup in which the

appellant was a passenger. After passing the pickup Officer Joy saw the appellant throw something from the pickup. In a short distance the pickup stopped and the officers returned to it. Officer Joy and the appellant then went to the place where Officer Joy had seen something thrown from the pickup and in that area found 19 cigarettes on the ground. He further testified that he examined one of the cigarettes and that in his opinion it contained marihuana.

Officer Armstrong testified substantially as Officer Joy except he didn't see anything thrown from the pickup and did not express any opinion as to the contents of the cigarettes.

A chemical analysis of the substance in the cigarettes by a chemist of the Texas Department of Public Safety showed that it was marihuana.

Appellant did not testify but offered evidence that he had never been convicted of a felony in this state or any other state in support of his application for a suspended sentence.

Appellant contends that the court erred in permitting Officer Joy to testify that in his opinion one of the cigarettes contained marihuana because he was not qualified to express such opinion.

Officer Joy testified that as a highway patrolman he had received training at the Texas Department of Public Safety in the examination and detection of marihuana and was able from an examination of a substance to determine if it was marihuana. He was sufficiently qualified to express his opinion that the cigarette he examined contained marihuana.

It is contended that the arrest of the appellant was illegal therefore the introduction of the marihuana in evidence was fundamental error.

If there was an arrest of the appellant before the 19 marihuana cigarettes were found by the roadside the arrest would not render the finding of them illegal and therefore, no error was shown by their introduction into evidence. De Leon v. State, 164 Tex. Cr. Rep. 48, 297 S.W. 2d 140.

The other contentions presented have been considered and they do not show error.

The judgment is affirmed.

Opinion approved by the Court.