## RAUL NAVA v. STATE

No. 32,565. December 14, 1960

*Bonilla, Thomas and De Ases* (Of Counsel: *Eduardo E. de Ases*), Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is the unlawful possession of marihuana; the punishment, 3 years.

Three police officers, having received certain information, went to a cafe and approached a table or booth where appellant and two companions were seated. The officers testified that as appellant arose he dropped a small package on the floor which they recovered and found to contain four marihuana cigarettes.

After appellant's arrest dustings from his shirt pocket were taken and found to contain traces of marihuana.

A chemist examined the cigarettes and the dustings and testified that both contained marihuana. The testimony of the chemist and of the three officers constituted the state's case.

Appellant testified that he did not possess marihuana and did not drop anything on the floor, and did not have marihuana in his pocket. He called one of his companions who testified that he heard nothing said about marihuana and had no knowledge of appellant having marihuana, if he did.

Two grounds are presented upon which reversal is sought.

The first complains that the court, in his charge, authorized a conviction upon the jury's finding beyond a reasonable doubt that appellant "did then and there unlawfully possess *any quantity* of marihuana."

The contention is that the charge authorized a conviction for the possession of the trace of marihuana found in appellant's shirt pocket, contrary to the holding of this court in Pelham v. State, 164 Tex. Cr. R. 226, 298 S.W. 2d 171.

No objections or requested charges were filed complaining of the use of the words "any quantity of marihuana," hence appellant is in no position to complain. Arts. 658-659 V.A.C.C.P.; Waite v. State, 169 Tex. Cr. Rep. 484, 334 S.W. 2d 816.

The other ground for reversal is that the evidence was obtained as the result of an illegal search.

The marihuana cigarettes were recovered from the floor where appellant dropped or threw them. They were not obtained as a result of any search, reasonable or otherwise. Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W. 2d 781.

Having discovered that the package they saw appellant drop upon their approach contained marihuana cigarettes, the officers were authorized to place appellant under arrest. The search of his shirt pocket after his arrest, which resulted in the discovery of traces of marihuana, was not unlawful.

The jury resolved the disputed fact issues against appellant and the evidence sustains its verdict.

The judgment is affirmed.