ALFRED LOPEZ v. STATE

No. 34,013.   December 6, 1961
Motion for Rehearing Overruled January 24, 1962

C. C. *Divine,* Houston 2, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Carol S. Vance,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is possession of heroin, with three prior convictions for felonies alleged for enhancement; the punishment, life.

Narcotic officers of the City of Houston (Hightower and Chavez) testified that, in company with two Federal narcotic officers, they placed a certain apartment house in the city of Houston under surveillance on the day in question; that about 6:15 P.M., appellant arrived at the apartment and admitted himself into apartment No. 1 by using a key; that shortly thereafter appellant left the apartment, proceeded to a shed in the rear thereof, where he stooped and picked up a small package with which he returned to the apartment; that within a few moments Frank Lozano and Helen Acker-Lopez arrived and entered apartment No. 1; that a short while thereafter appellant left the apartment and, as they approached him, he threw a small white package to the ground. Hightower recovered the package, and Chavez placed appellant under arrest. Following this, apart-

ment No. 1 was searched by virtue of a search warrant which they served upon appellant, but no contraband was found.

The chain of custody of the package found by Officer Hightower was established, and it was. shown to contain 3.7 grams of 46% pure heroin.

The prior convictions were stipulated.

Appellant, testifying in his own behalf, stated that he went to the apartment in question to collect an automobile payment from Helen Acker-Lopez; that he did so and, upon leaving the apartment, was apprehended by the officers. He denied that he dropped the package which Hightower had retrieved. He testified at great length that police brutality was inflicted upon him following his arrest and called his physician, who examined him upon his release on bond. Dr. Dew testified that he found two bruises on appellant's arm and an abrasion on his knee and said that appellant complained of soreness in his ribs. Appellant called a U.S. weatherman, who testified that it was dark in Houston at the time the officers said they saw appellant dispose of the package in question.

Appellant called Helen Acker-Lopez as a witness, and she corroborated his account of the automobile payment, but went further and said that she was in the process of shooting herself with narcotics, "getting fixed," when the officers arrived at the apartment. She admitted that she was an addict and that she and appellant "shot narcotics together * * * every day," but refused to testify as to where the narcotics which she used on the day in question had come from.

This we deem a fair resume of the lengthy record. There are no formal bills of exception or written objections to the court's charge. We shall discuss the contentions advanced by appellant's attorney in the order advanced in his brief and in argument.

Appellant questions the sufficiency of the indictment to charge him with being amenable to prosecution under Article 63, V.A.P.C. An analysis thereof is called for. It was drawn in chronological order. That is, the first paragraph charged that appellant was a person who had theretofore been convicted of three felonies less than capital. The second paragraph alleged a 1945 conviction in the United States District Court for the

Southern District of Texas, Houston Division, for unlawfully acquiring marijuana. The third paragraph alleged a 1947 conviction in the same court for the same. offense. The fourth paragraph alleged a 1952 conviction in the same court, Laredo Division, for importing a narcotic drug. The fifth paragraph charged the primary offense; that is, a violation of the Texas Uniform Narcotic Act, in that he did on December 13, 1960, possess heroin.

Appellant first contends that the prior convictions in the Federal court were not available to the State for enhancement purposes. Appellant's counsel frankly admits that he relies upon the concurring opinion on appellant's motion for rehearing in Granado v. State, 329 S.W. 2d 864, 868. Appellant's motion for rehearing in Granado (p. 868) was granted on other grounds than those before us now, and the rule therein announced has since been overruled, with the writer dissenting, in Farris v. State, No. 33,614, not yet reported (page 416). We quote from the opinion in State's motion for rehearing (p. 867) as follows:

"The punishment for violation of the Uniform Narcotic Act * * * may be properly enhanced under Article 63, V.A.P.C., upon allegation and proof of two or more convictions for *other* felonies less than capital (than violations of Article 725b, V.A.P.C.)."

Clearly, the three Federal court convictions were not for a violation of Article 725b and were properly alleged for enhancement under the holdings of this Court in Bowers v. State, 155 Tex. Cr. Rep. 401, 235 S.W. 2d 449; Garcia v. State, 140 Tex. Cr. Rep. 340, 145 S.W. 2d 180; and Arnold v. State, 127 Tex. Cr. Rep. 89, 74 S.W. 2d 997.

Reliance is had upon Ex parte Puckett, 310 S.W. 2d 117, and Ex parte Scafe, 334 S.W. 2d 170. Neither case supports appellant's contention. The facts necessary to establish appellant's guilt under any of the prior convictions alleged for enhancement would have constituted proper grounds for a prosecution under Article 725b, V.A.P.C., for possession of a narcotic drug; such is not so in the cases relied upon.

Appellant's second contention is that the 1945 and 1947 convictions had been once successfully used for the purpose of enhancement in the 1952 case. We are aware of but two means by which the question might be raised, to-wit, (1) by formal bill

of exception, or (2) by objection to the introduction of the prior judgments, stating the proper grounds for such objection. Article 759a, V.A.C.C.P. Appellant chose neither method. At no time did he inform the court that he was objecting to the introduction of the judgment in the prior case on the grounds which he now asserts, and the record does not affirmatively show such grounds to be true.

Appellant objected to the introduction of copies of the final judgment, sentence and commitment certified as being a true and full copy of the original by the deputy district clerk of the United States District Court for the Southern District of Texas. Such copies were admissible under the terms of Article 3731a, V.A.R.C.S., and the holding of this Court in Turley v. State, 168 Tex. Cr. Rep. 363, 327 S.W. 2d 580, and the cases there cited. We find no reversible error in the remarks of the court made while ruling on the admissibility of such documents.

Appellant's motion to quash the panel cannot be considered. *It is not raised by a formal bill of exception.* The statement of facts in connection therewith is not filed as a separate statement of facts under the terms of Article 759a(6), V.A.C.C.P. Pierce v. State, 159 Tex. Cr. Rep. 504, 265 S.W. 2d 601. We observe, however, that the careful trial judge immediately examined the juror in question and established that appellant had not been injured.

Appellant questions the legality of his arrest. Such question is not in the case. The contraband was not found as a result of the arrest and incident search of appellant's person and was therefore admissible, irrespective of the validity of the arrest. Garcia v. State, 163 Tex. Cr. Rep. 146, 289 S.W. 2d 766.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.