ALFRED TAYLOR V. STATE

No. 34,602.    May 16, 1962
Motion for Rehearing Overruled June 20, 1962

*Orville A. Harlan*, Houston, for appellant.

*Frank Briscoe*, District Attorney, *Carl E. F. Dally, Robert Edward Delany*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is under Art. 725b, V.A.P.C., for the unlawful possession of a narcotic drug, with punishment assessed at life imprisonment, enhanced under Art. 63, V.A.P.C., by reason of two prior convictions for felony offenses less than capital.

The indictment charged that the appellant did unlawfully possess a narcotic drug, to-wit: dolophine.

The state's evidence shows that on April 7, 1961, the date alleged in the indictment, Federal Narcotic Agent John E. Sherman, upon being informed that narcotics could be purchased at a certain address in the city of Houston, drove to the corner of Rosalie and Dowling Streets in company with an informer. When they arrived, they observed the appellant and a companion, Helen Jackson, seated in an automobile. The informer proceeded to the automobile and after talking to appellant and his companion, returned to the agent's car. Agent Sherman then gave $30 to the informer, who returned to where the couple were seated and handed the money to appellant's companion, Helen Jackson. Agent Sherman then proceeded to drive to various places in the city upon the instructions of appellant and his companion. While he was driving, appellant told his companion, Helen Jackson, to give him the money because his connection "Roy" would only sell to him. After continuing to drive, Agent Sherman—upon appellant's instructions—stopped the car and "honked" the horn. Thereupon, a person identified as "Roy" came to the car and after talking to appellant and receiving some money from him gave appellant five capsules. Appellant then directed Agent Sherman to drive to a "cool" place, by which he meant a secluded place. When they arrived, appellant gave Agent Sherman a capsule and $14 in money and also gave a capsule to the informer. After delivering the capsules, appellant, the informer, and Helen Jackson proceeded to take a "fix" with some of the capsules, by an injection into their arms with an eye dropper and syringe.

It was shown that the contents of the capsule delivered to Agent Sherman by the appellant were analyzed by Chemist Kenneth Anderson of the Alcohol and Tobacco Division of the United States Treasury Department at Dallas, Texas. Chemist Anderson testified that the results of the various tests run upon the contents of the capsule showed that the substance was 37.7 per cent dolophine, a narcotic drug. He testified that dolophine was a registered trade name of Eli Lilly Company but that he could not say that the substance contained in the capsule in question was in fact made by that company. He further testified that the chemical formula for dolophine was 4-4-Diphenyl-6-Dimenthyl-amino-Hepatone-3, and that dolophine was indistinguishable from amidone and methadone hydrochloride, both of which are narcotic drugs and have the same formula.

Proof was made by the state that appellant had been twice previously convicted in the United States District Court for the Southern District of Texas, Houston Division, of two non-capital felony offenses. The first conviction on October 1, 1951, was for the offense of unlawfully acquiring marihuana and the second conviction on April 22, 1953, was for the offense of unlawfully forging and passing a United States Treasurer's check.

Appellant did not testify or offer any evidence in his behalf.

Appellant urges as unconstitutional that portion of subdivision (14) of Art. 725b, V.A.P.C., defining a narcotic drug, which reads: "* * * and opiates which shall mean any drug found to be an addiction-forming or addiction-sustaining liability similar to opium or cocaine, which are now or may be added subsequently, as restricted preparations under the provisions of the Federal Narcotic Laws" on the ground that such is an unwarranted delegation of legislative power to the Federal government.

We need not pass upon the constitutionality of this portion of the statute, as appellant's conviction does not rest upon the provisions under attack but upon other portions of the act defining a narcotic drug.

It is a rule of statutory construction that if a proper disposition of the case can be made without considering a constitutional issue the courts will not pass upon the constitutionality of a statute. See 12 Texas Jur., 2d, Constitutional Law, par. 32, page 377, and cases there cited.

Appellant insists that the indictment is fatally defective because it does not allege an offense under the law.

It is first contended that the allegation in the indictment that appellant did unlawfully possess "a narcotic drug, to-wit: dolophine" did not charge an offense, because, first, dolophine is not one of the narcotic drugs named in the act, and second, not being named in the act, such allegation was insufficient to give notice of the offense with which he was charged.

Art. 725b, Sec. 1(14), which defines a narcotic drug, reads, in part:

" 'Narcotic drugs' means coca leaves, opium, and cannabis, amidone, and isonipecaine, every substance neither chemically nor physically distinguishable from them * * *."

While dolophine is not named in the statutory definition of a narcotic drug, the proof shows that it is a narcotic drug and registered under such trade name. The proof further shows that dolophine is one of the same chemical formula and substance as "amidone", named in the statute. We are unable to agree that the description of the narcotic drug by its trade name, "dolophine", was insufficient to charge an offense under the statute and to apprise the appellant of the offense charged against him.

Appellant further contends that the court erred in overruling his motion to quash the indictment on the ground that the alleged prior conviction for unlawfully acquiring marihuana without having paid the transfer tax, being for a violation of a federal regulatory statute, could not be used, under Art. 63, supra, to enhance a conviction for violation of the act. Art. 725b, supra, a prohibitory statute.

Recently, in Lopez v. State, 352 S.W. 2d 747, we overruled a similar contention in holding that a prior federal narcotic conviction for a like offense could be used under Art. 63, supra, to enhance punishment for a violation of Art. 725b, supra. We adhere to such ruling, and overrule appellant's contention.

We overrule appellant's remaining contention that the evidence is insufficient to sustain the conviction because the state failed to prove appellant possessed "dolophine", which was a descriptive averment in the indictment. While the chemist testified that he could not swear that the substance was manufactured by the Eli Lilly Company, he testified positively that it was of the same

chemical formula as amidone, which is sufficient, under Sec. 1(14) of the statute.

The judgment is affirmed.

Opinion approved by the Court.