## Lee Martinez Rodriguez v. State

No. 34,683.   June 27, 1962

*Le Roy Peavey,* Houston, for appellant.

*Frank Briscoe,* District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of marijuana; the punishment, enhanced under Art. 62, V.A.P.C., by reason of a prior conviction for an offense of like character, life imprisonment.

A conviction of appellant for the primary offense was reversed by this court in Rodriguez v. State, 170 Texas Cr. Rep. 295, 340 S.W. 2d 61, and subsequent thereto the indictment under which he now stands convicted was returned against him.

The indictment, in charging the primary offense, alleged that on or about the 22nd day of March, A.D., 1959, the appellant did unlawful___ possess a narcotic drug, to wit: marijuana, and, in charging the prior conviction, alleged "that prior to the commission of the aforesaid offense by the said LEE MARTINEZ RODRIGUEZ, to wit, on the 4th day of May, A.D. 1956, in the United States District Court for the Southern District of Texas, Houston Division, the said LEE MARTINEZ RODRIGUEZ was duly and legally convicted, in said last named court, of an offense of like character and of the same nature as that hereinbefore charged against him in this cause, to wit, the offense of knowingly

acquiring, buying and facilitating the transportation and concealment of, after importation, a narcotic drug, to wit: heroin, upon an indictment then legally pending in said last named court and of which the said court had jurisdiction, and said conviction was a final conviction."

M. B. Hightower, a witness for the state and narcotics officer with the City of Houston Police Department, testified that on March 22, 1959, as he was in the vicinity of 75th and Harrisburg Streets in Houston, Harris County, Texas, he received reliable information from a credible person to the effect that Lee Rodriguez (appellant) and Adam Guerra, along with some other Mexican males, were in a Pontiac automobile and that Lee Rodriguez and Adam Guerra had narcotics in their possession; that he did not have time to secure a warrant for their arrest because he feared that they would escape; that in approximately five minutes he observed the automobile, which had been described to him, pass; that appellant, whom he recognized, was riding as a passenger in the front seat; that he and his fellow officers stopped the automobile and he immediately went to the passenger's side, opened the door, and asked the appellant and Guerra to remove themselves from the car. He further testified that as the appellant and Guerra alighted from the automobile, he observed the appellant drop a penny match box from his right hand to the ground and Guerra drop a small piece of brown wrapping paper; that he retrieved both articles and upon examination found the penny match box (State's Exhibit No. 3) contained a "loose, green substance", and the small piece of brown wrapping paper (State's Exhibit No. 4) contained "three number five gelatin capsules with white powder in each capsule".

State Narcotics Agent Scholl, who was with Officer Hightower on the occasion in question, corroborated his testimony concerning the dropping of the two exhibits and their recovery.

Floyd E. McDonald, a witness for the state and stipulated by the appellant to be a qualified expert witness in the field of chemistry and toxicology, testified that after examination of the plant substance in the penny match box (State's Exhibit No. 3), he determined that it was approximately one and one-half grams of marijuana, a narcotic drug.

Robert F. Crawford, a witness for the state and stipulated by the appellant to be an expert witness in the field of chemistry and toxicology, testified that after an examination of State's Ex-

hibit No. 4, he determined that each of the three gelatin capsules contained heroin, a narcotic drug.

Proof was made by the state of appellant's prior conviction and on cross-examination appellant admitted that he had been so convicted, as alleged in the indictment.

Appellant, testifying in his own behalf, denied that the marijuana was his or that he dropped it as testified to by the police officers.

Appellant insists that his conviction in federal court under the single-count indictment charging the offense of knowingly acquiring, buying, and facilitating the transportation and concealment of a narcotic drug, after importation, cannot support the enhancement of his punishment under Art. 62, V.A.P.C., because such conviction is not for an offense denounced as a felony offense in this state.

Reliance is had by appellant upon the decisions of this court in Ex parte Puckett, 165 Texas Cr. Rep. 605, 310 S.W. 2d 117, and Ex parte Scafe, 334 S.W. 2d 170, which hold that a conviction in federal court, to be available for enhancement of punishment in this state, must be for an act denounced by the laws of this state.

Appellant insists that under the holding in the case of Pon Wing Quong v. United States, 111 Fed. 2d 751 (Circuit Court of Appeals, Ninth Circuit, 1940), and other authorities cited in his brief, the acts of knowingly acquiring, buying, and facilitating the transportation and concealment of a narcotic drug, after importation, are four separate felony offenses, under Sec. 174 of Title 21 of the U.S. Code, and because he entered a plea of guilty to the indictment in federal court it cannot be ascertained for which offense he was convicted and whether it was for an act which would be an offense under the laws of this state.

The federal court judgment introduced in evidence recites that appellant was convicted of the offense of "unlawfully acquiring and concealing narcotics". Such act would constitute the offense of unlawful possession of a narcotic drug under Art. 725b, V.A. P.C., and, under the holding of this court in Lopez v. State, 171 Texas Cr. Rep. 672, 352 S.W. 2d 747, was available to enhance appellant's punishment under Art. 62, supra. The contention is overruled.

Appellant insists that the indictment under which he stands convicted cannot support the enhancement of his punishment under Art. 62, supra, because it did not allege that the prior offense relied upon for enhancement was committed prior to the commission of the primary offense. The indictment alleges that prior to the commission of the primary offense appellant was convicted in the federal court for the offense relied upon for enhancement. Such averment clearly alleges that the prior offense was committed before commission of the primary offense. The contention is without merit.

Nor do we find any merit in appellant's contention that the jury's verdict cannot support a sentence enhancing the punishment because it fails to present an affirmative finding that the prior offense was committed prior to commission of the primary offense or that the prior conviction was before commission of the primary offense.

The verdict of the jury reads:

"We, the Jury, find the Defendant guilty as charged and that he was previously convicted of an offense of like character and of the same nature, and that after the judgment therein had become final, the Defendant committed the offense of unlawful possession of marijuana."

The verdict, when read in connection with the indictment and court's charge, clearly reflects a finding by the jury that the prior offense and conviction of appellant were before the commission of the primary offense charged in the indictment.

Complaint is made to the court's action in refusing to order the prosecutor to deliver to appellant's counsel at the trial the police officers' offense report for the purpose of cross-examination. While appellant was entitled to the offense report for the purpose of cross-examination, under the record presented no error is shown. Upon motion of the district attorney, the offense report is included in the record before us both in the transcript and in the statement of facts as a qualification to appellant's informal bill of exception to the court's action in refusing to have the report delivered to appellant. An examination of the offense report reveals no inconsistency between the report and the testimony given by the police officers upon the trial.

In Hughes v. State, No. 34,685, opinion delivered June 13, 1962, 172 Texas Cr. Rep. 441, we held that the trial court had the authority to make a statement a part of the record on appeal by incorporating it in the statement of facts as a qualification to an informal bill of exception, in order that this court might determine whether or not the appellant was injured or prejudiced by the trial court's action in refusing to have the statement produced at the trial.

Appellant's remaining contention is that the narcotics in question were inadmissible in evidence because they were obtained as the result of an illegal arrest and search. An examination of the record reflects that the narcotics were not obtained as a result of a search by the officers but were recovered from where they were thrown to the ground by appellant and his companion. The seizure of the narcotics by the officers under such facts was lawful and the court did not err in admitting the exhibits in evidence. Gizzo v. State, 160 Texas Cr. Rep. 593, 272 S.W. 2d 898; Robinson v. State, 163 Texas Cr. Rep. 499, 293 S.W. 2d 781; Robles v. State, 168 Texas Cr. Rep. 617, 330 S.W. 2d 454; Williams v. State, 168 Texas Cr. Rep. 643, 331 S.W. 2d 214; Nava v. State, 340 S.W. 2d 955; and Lopez v. State, supra.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.