**Hipolito Alfaro RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38601.**

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Marcos Zertuche, San Antonio (On Appeal Only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary; the punishment, five years.

Our prior opinions are withdrawn.

It was established that the Gordon home in San Antonio was burglarized sometime between 7:00 a. m. and 2:40 p. m. on September 1, and from the house and attached garage were taken a man's and a woman's wrist watch, a television set and an electric saw.

At approximately 2:00 p. m. on that day Officer Trinidad of the San Antonio Police observed one Richard Garcia, to whom he had given a ticket for not having an operator's license the previous day, seated under the wheel of an automobile at a stop sign. For this reason his attention was focused on the automobile. The passenger in the Garcia automobile "ducked down as he spotted the patrol car", and as Garcia started off at "a very unusual speed," Trinidad gave pursuit. Some three blocks from their point of contact, Garcia brought his automobile to a halt. At this time Trinidad's patrol car was some fifty feet behind the Garcia automobile. As it stopped, appellant, who was

the passenger, alighted and threw some objects approximately four feet from the car. Trinidad kept his eyes on the objects as he brought his partol car to a halt and approached the Garcia automobile from the rear. He then retrieved the objects which he discovered to be three wrist watches and some coins in a plastic bag.

Both appellant and Garcia were placed under arrest. Garcia handed Trinidad the keys to his automobile and from the trunk Trinidad recovered the television set and the electric saw. All four items were identified as having been taken from the Gordon house.

Appellant did not testify in his own behalf, but offered a witness, who testified as to the value of one of the watches, and Identification Officer Rice, who testified that in preparation for testifying in this case he had made a search and could find no latent fingerprints which he could identify as belonging to appellant.

The sole question presented for review is the legality of the search of Garcia's automobile. An ordinance of the City of San Antonio authorized by Article 214, Vernon's Ann.C.C.P. was introduced in evidence. The following sequence of events should be reemphasized. Trinidad's attention was directed to the Garcia automobile because of the traffic violation which he had detected on the day preceding. When the occupant saw the patrol car he ducked, and the Garcia automobile was driven away at a very unusual speed. Prior to reaching the Garcia automobile, Trinidad saw appellant throw some objects out of his possession. When he arrived at the automobile Trinidad could determine that the objects were watches and coins. These facts alone authorized appellant's arrest and the incident search of the automobile in which he was riding. Anderson v. State, Tex.Cr.App., 391 S.W.2d 54.

The contraband thrown by appellant was not found as a result of the arrest and incident search of appellant's person and was therefore admissible. Lopez v. State, 171 Tex.Cr.R. 672, 352 S.W.2d 747.

No issue is raised as to the voluntary surrender of his keys to the officer by the owner of the automobile. Therefore, no question of the legality of the search of the trunk is raised.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the appellant's motion for rehearing is overruled and the judgment is affirmed.