**Thaddeus KING, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40443.**

Court of Criminal Appeals of Texas.

June 21, 1967.

Marvin O. Teague, Houston (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for the possession of heroin; the punishment was assessed at sixteen years.

A waiver of trial by jury, signed in open court by the appellant, with the signed consent and approval of state's counsel before the entry of a plea of not guilty and with the written consent and approval of the court, was filed with the papers in this cause.

While testifying, two officers identified the appellant as the driver of an automobile which they were following along a public street, when they saw him throw a small package from the left window into the street. The package thrown from the car was immediately recovered by one of the officers. Upon the offer of said package into evidence by the state, the appellant announced, "No objections."

A chemical analysis by a chemist, whose qualifications were stipulated, showed that

the substance in the package contained heroin.

■ It is asserted that the package and contents were inadmissible in evidence on the ground that they were obtained as a result of an illegal arrest and search. The contraband was not obtained as a result of appellant's arrest and search but was recovered from where it was thrown on the ground by the appellant. Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781; Nava v. State, 170 Tex.Cr.R. 355, 340 S.W.2d 955; Lopez v. State, 171 Tex.Cr.R. 672, 352 S.W.2d 747; Rodriguez v. State, 172 Tex.Cr.R. 540, 360 S.W.2d 406.

■ Error is urged on the ground that the appellant never had possession of the package in question.

It is concluded that the evidence as shown above sufficiently warrants the finding that said package was in appellant's possession as charged. 40 Tex.Jur.2d 412, Sec. 7; Hunt v. State, 158 Tex.Cr.R. 618, 258 S.W.2d 320.

The judgment is affirmed.