**Richard LEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42086.**

Court of Criminal Appeals of Texas.

May 21, 1969.

Rehearing Denied July 16, 1969.

John W. O'Dowd, Walter E. Boyd, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and F. M. Stover, Asst. Dist. Attys., Hous-

ton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the possession of heroin. The punishment was assessed at twenty years.

It is contended in the first and fifth grounds of error that the court erred in refusing to charge on circumstantial evidence, and that the evidence is insufficient to support the conviction. The record reflects that about noon on the 18th day of July, 1963,[1] Michael Chavez, a narcotics officer of the Houston Police Department, saw Leal, whom he knew, drive upon a parking lot of a Dairy Queen Cafe at the intersection of Broadway and Manchester Streets in Houston. Leal got out of the car and walked to the rear of the building. Officer Chavez saw Antonio Arrendondo, whom he also knew, drive upon the parking lot and park. Leal went to the car and Arrendondo handed him a green cellophane paper. Officer Chavez, with his partner, drove up and got out of their car. Chavez stated that they were police officers and reached for the paper. Leal dropped the green cellophane paper inside the car. Chavez opened the car door immediately. He saw the same paper or package on the floorboard between the seat and the door and picked it up. Arrendondo at this time had fifty dollars in his left hand. The contents of the package appeared to be and was later ascertained to be heroin. Officer Chavez further testified that no other cellophane package was found in the car.

■ Chapin v. State, 167 Tex.Cr.R. 390, 320 S.W.2d 341, holds that where the facts are in such close relation to the main fact to be proved as to constitute direct evidence it is not necessary to charge on circumstantial evidence.[2] The facts in this case come within the rule announced in Chapin. No charge on circumstantial evidence was required. The evidence is sufficient to support the conviction.

■ Complaint is made in the second ground of error that the trial court erred in refusing to allow the appellant to see the offense report that Officer Chavez used to refresh his memory. The record reflects that Officer Chavez did not make or assist in the making of the offense report which was used along with the transcript of the examining trial to refresh his memory prior to trial. Artell v. State, Tex.Cr.App., 372 S.W.2d 944, holds that the trial court is not required to make available a report used to refresh the memory of a witness where the report is made by a person other than the witness. Appellant urges, but we refuse to hold, that Artell should be overruled.[3]

The third ground of error is:

"The Trial Court erred in refusing to allow the Defendant outside the presence of the jury to ascertain certain information bearing on the informer's credibility."

The record shows that Officer Chavez had received information from Julius Cockrell, another officer, that appellant would be leaving the 900 block of Austin Street for the 900 block of Broadway Street with heroin in his possession. The information was obtained from one known to Officer Cockrell for a year, and who had on prior occasions given information which proved to be true.

Many questions were asked by appellant's counsel concerning the informer's back-

---

1. This case was tried in March of 1967; the record reached this Court March 25, 1969.

2. See 4 Branch's Ann.P.C.2d 359, Sec. 2050.

3. See Rose v. State, Tex.Cr.App., 427 S.W. 2d 609.

ground, his business dealings and his character. Inquiry was made about his age, religious affiliation, race, and if he had given any false information after the information in this case was given. Appellant does not cite any authority for his contention that he was entitled to have the questions answered. He does not rely upon or come within Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, which holds that the name of an informer should be disclosed where he had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly committed the act.

■ The trial court properly sustained the objections by the State to prevent the disclosure of the name of the informer. Hernandez v. State, Tex.Cr.App., 437 S.W.2d 831; Bosley v. State, Tex.Cr.App., 414 S.W.2d 468.

Complaint is made in the fourth ground of error that the trial court erred in overruling the motion to quash the indictment, because the prior federal conviction for enhancement is not denounced as an offense under the laws of the State of Texas.

The indictment alleged that appellant had been convicted in a United States District Court " * * * of the offense of receiving and facilitating the transportation and concealment of, after importation, narcotic drug, to wit: six and two-tenths grains, more or less, of heroin hydrochloride, a felony."

■ Such an offense as alleged would constitute the offense of unlawful possession of a narcotic drug under Article 725b, Vernon's Ann.P.C., and was properly alleg-

ed for enhancement under Art. 62, V.A.P.C. Rodriquez v. State, 172 Tex.Cr.R. 540, 360 S.W.2d 406.[4]

The fourth ground of error is overruled.

■ It should be noted that the jury found appellant guilty at the guilt stage of the trial under Article 37.07, V.A.C.C.P. At the penalty stage of the trial the jury found appellant had been previously convicted as charged in the indictment, but assessed the penalty at twenty years instead of life as required by Article 62, V.A.P.C. Appellant did not object to the court's charge on the ground that it authorized a penalty for a term of years. No ground of error on the court's charge is presented.

This case is almost identical to, and is controlled by, Leal v. State, 169 Tex.Cr.R. 222, 332 S.W.2d 729, 731.[5] It was held that the error in the court's charge was favorable to the defendant and he could not complain.

The sentence reads "not less than ten years nor more than twenty years." It is reformed to read "not less than two years nor more than twenty years."

The judgment is affirmed.

ONION, Judge (concurring).

I concur in the result reached, but feel I must state my reasons for agreeing that ground of error #2 should be overruled.

Officer Chavez testified that prior to trial he refreshed his memory from a police offense report presently available which after some uncertainty he related he did not prepare but to which he contributed information and on which his name appeared as one of the officers participating "in the case." The report apparently was made by one of three other officers.

---

4. See Taylor v. State, 172 Tex.Cr.R. 461, 358 S.W.2d 124, cert. denied 371 U.S. 848, 83 S.Ct. 88, 9 L.Ed.2d 85; Lopez v. State, 171 Tex.Cr.R. 672, 352 S.W.2d 747, cert. denied 370 U.S. 954, 82 S.Ct. 1604, 8 L.Ed.2d 819.

5. See Granado v. State, 168 Tex.Cr.R. 525, 329 S.W.2d 864.

The report was requested particularly for the purpose of cross-examination. Under these circumstances I feel the appellant was entitled to the report and I would not hesitate to overrule Artell v. State, Tex.Cr.App., 372 S.W.2d 944, limiting the so-called "Gaskin rule" (172 Tex.Cr.R. 7, 353 S.W.2d 467) to a previous statement made by the witness testifying for the State.

Such limitation was criticized in 16 Baylor Law Review 51, 60, as follows:

"The necessity for the right to inspect is not changed by virtue of the fact that another person's work is used to refresh one's memory. In fact, it would seem that there would be added reason to allow an inspection as a matter of right. Not only are the same safeguards needed (i. e. a right to see that the evidence is not merely fabricated, the right to see if there is anything in the report which would detract from the witness' memory) but an additional safeguard is needed. This additional safeguard is the right to test the witness on cross to see if the facts about which he is testifying were his own observations and independent recollections or were merely gleaned or memorized by him from this hearsay report. At the very least, the defendant should be entitled to have such a report made a part of his bill of exceptions to allow the appellate court to decide if the defendant was injured by not being permitted by the trial court to inspect the report."

My views on this problem have been previously expressed in Rose v. State, Tex.Cr. App., 427 S.W.2d 609; cf. Dover v. State, Tex.Cr.App., 421 S.W.2d 110.

I concur, however, in the overruling of the second ground of error because the appellant made no effort after trial to have the report made a part of the record on appeal so that he could demonstrate to this Court how he was harmed by the court's action.

It is true that appellant's counsel made a valiant effort to have the offense report attached to the record at the time of the court's refusal to allow inspection, but failed to take any action thereafter to have it incorporated in the appellate record.

To have permitted the offense report to have been laid out in the record at the time it was requested, even for the purpose of the bill of exception alone, would have permitted the appellant to accomplish indirectly what he had been unable to do directly in view of the court's ruling.

Before I would be willing to reverse for the trial court's refusal to make the offense report available for the appellate record, I would require an effort after trial by the defendant for incorporation of the instrument in the record on appeal.

For the reasons stated, I concur.