Jesus Cano **GONZALES**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 43264.

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

Rehearing Denied Jan. 20, 1971.

Abel Toscano, Jr., Harlingen, for appellant.

F. T. Graham, Dist. Atty., Joel William Ellis, Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for the possession of marihuana wherein the jury assessed the punishment at two years and eight months' confinement in the Texas Department of Corrections.

In his sole ground of error appellant contends the marihuana in question was inadmissible since it was the product of a search and seizure incident to an illegal arrest. We do not agree.

On June 27, 1969, at approximately 7:45 p. m. Alex and Rodolfo Trejo, brothers and deputy city marshals of the city of Primera, were parked near the intersection of Primera and Stuart Place roads. The traffic control at the intersection consisted of four stop signs and an overhead blinking red light. While it was still daylight the Trejos observed the appellant, while driving an Oldsmobile east on Primera Road, cross the said intersection without stopping. They followed. Two blocks east of the intersection the appellant turned north onto a caliche road traveling at approximately 25 m. p. h. in a 15 m. p. h. zone. The deputy city marshals, being in an unmarked police vehicle, tried to attract his attention by honking the horn of their automobile. After traveling two or three blocks on the unpaved road the appellant stopped suddenly and stepped from his car. As Alex Trejo approached he saw the appellant reach for something on the front seat, then observed a bag in appellant's hand which he threw over the hood of his car. Trejo quickly searched the appellant for a weapon, then, leaving the appellant in custody of his fellow officer, recovered a paper bag on the grass approximately 10 feet from

appellant's car. The contents of the bag appeared to be marihuana and the sheriff's office was alerted. The appellant asked to be allowed to sign a traffic ticket and to be released. He was informed he was being arrested for possession of marihuana. Shortly thereafter he was taken before a magistrate.

A chain of custody of the 23 grams of substance in the paper bag was carefully established and the chemist testified that the substance was in fact marihuana.

The record reflects that the appellant was never arrested or filed on for any traffic offense.

The appellant called the city clerk of the city of Primera as a witness who related that after a search he had been unable to find any city ordinance establishing traffic control devices or stop signs within the city. He did testify that of his personal knowledge the traffic control device at the intersection in question had been in existence at least 22 years. One of the defense counsel also testified his investigation failed to uncover any traffic ordinance of the said city.

It is therefore appellant's contention that his arrest was illegal and the search incident to such arrest was illegal and fruits of such search inadmissible.

 From what has been said above, it is clear that the State does not rely upon the fruits of a search of appellant's person or his vehicle incident to an arrest for a traffic offense but only upon marihuana discovered after it was abandoned by the appellant in the presence of the officers and which when found was in plain view of the officers.

The seizure of the marihuana by the officers under such facts was lawful and the court did not err in admitting the same into evidence. Robinson v. State, 163 Tex. Cr.R. 499, 293 S.W.2d 781; Rodriguez v. State, 172 Tex.Cr.R. 540, 360 S.W.2d 406; Mendez v. State, Tex.Cr.App., 362 S.W.2d 841; Jimenez v. State, Tex.Cr.App., 421

S.W.2d 910, cert. den. 391 U.S. 954, 88 S.Ct. 1859, 20 L.Ed.2d 868; Nava v. State, 170 Tex.Cr.R. 355, 340 S.W.2d 955; Ortega v. State, Tex.Cr.App., 414 S.W.2d 465; 11 Texas Digest, Criminal Law, ☞394.4(2); 51 Tex.Jur.2d, Searches and Seizures, Sec. 29, pp. 672, 674.

As to appellant's contention that the original stopping or arrest was unlawful we call attention to Flores v. State, 169 Tex.Cr.R. 338, 334 S.W.2d 306. There the court held the arrest of the defendant before finding the 19 marihuana cigarettes which defendant had thrown from the pickup truck in which he was riding as a passenger would not render the finding of the marijuana illegal nor prohibit its introduction in evidence on grounds that the arrest was illegal.

The judgment is affirmed.