**Willie COURTNEY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0654–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 24, 1982.
Discretionary Review Refused
Oct. 6, 1982.

Michael Curry, Houston, for appellant.

Larry P. Urquhart, Houston, for appellee.

Before EVANS, C. J., and WARREN and BASS, JJ.

## OPINION

EVANS, Chief Justice.

After a non-jury proceeding, the appellant was convicted of operating a sexually oriented commercial enterprise without a permit, in violation of Sec. 28–73 of the City of Houston Code of Ordinances. He was sentenced by the court to three days imprisonment and a $500 fine.

The criminal information charged that the appellant had violated the ordinance by intentionally and knowingly operating "an enterprise . . . whose major business is the offering of a service which is. intended to provide sexual stimulation and sexual gratification to the customer . . . within the corporate limits of the City of Houston . . . without having obtained a valid permit is-

sued . . ." by the Director of the City's Tax Department. The 1980 ordinance requires the owner or operator of any "sexually oriented commercial enterprise" doing business within the corporate limits of the city to first obtain a permit from the City's Tax Department. The statutory basis for this ordinance is Tex.Rev.Civ.Stat.Ann. art. 2372w, § 3(a) (Vernon 1981), adopted by the Texas Legislature in 1979, which authorizes cities and counties to adopt regulations "restricting the location of massage parlors, nude studios, modeling studios, love parlors, and other similar commercial activities whose major business is the offering of a service which is intended to provide sexual stimulation or sexual gratification to the customer."

The appellant lists six grounds of error, most of which challenge the constitutionality of the statute and ordinance.

■ The constitutionality of a statute will be considered by the courts only when a question is properly raised and a decision becomes necessary and appropriate to the disposition of the case. Where the court can rest its decision on non-constitutional grounds, it will not reach the constitutional question. *Ratcliff v. Estelle,* 597 F.2d 474 (5th Cir. 1979), cert. denied, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93; *Taylor v. State,* 172 Tex.Cr.R. 461, 358 S.W.2d 124 (1962), cert. denied, 371 U.S. 848, 83 S.Ct. 88, 9 L.Ed.2d 85; *Waller v. State,* 68 S.W.2d 601 (Tex.Civ.App.—Amarillo 1934, writ ref'd). Because the case at bar may be determined on the question of the sufficiency of the evidence, the other grounds asserted by the appellant will not be considered on this appeal.

In his sixth ground of error, the appellant contends that the evidence is insufficient to prove that he was the "operator" of the establishment in question for the purpose of the permit requirements of the ordinance.

■ The term "operator" is not defined in the statute, and the term must, therefore, be interpreted in its general and commonly understood sense, and within the context of the language of the ordinance.

*Floyd v. State,* 575 S.W.2d 21 (Tex.Cr.App. 1978), appeal dismissed, 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed. 272. It is generally understood that the terms "operator" and "owner" indicate those parties who manage and control a business enterprise. The appellant did not admit that he was either the "owner" or the "operator" of the establishment in question, and the trial court, as the trier of fact, was required to determine whether the State offered sufficient evidence to prove beyond a reasonable doubt that the appellant was, in fact, the "operator" of the enterprise. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ The State proved only that the appellant was tending bar, giving change to the waitresses, and running a movie projector on the date in question. The appellant offered stipulated evidence that he neither owned nor managed the enterprise, that he was only an employee, tending bar and running the movie projector, and that he had only been working at the establishment for about three weeks. He also showed that when he took the job, he assumed that all necessary permits for the operation of the enterprise had been obtained by the management.

An employee, such as a bartender or a waiter, does not generally possess such managerial control as to be considered the "operator" of a business establishment. Contra, *Memet v. State* (Tex.App.—Houston [14th Dist.] June 3, 1982). The evidence is insufficient to sustain the appellant's conviction under the ordinance in question.

The judgment of the trial court is reversed, and the trial court is ordered to enter a judgment of acquittal.