**SIGNATURE SERVICES, INC., Appellant,**

v.

**TARRANT COUNTY, Texas, Appellee.**

No. 2–93–256–CV.

Court of Appeals of Texas, Fort Worth.

May 24, 1994.

Rehearing Denied June 28, 1994.

David R. Weiner, Law Offices of Windle Turley, P.C., Dallas, for appellant.

Ray Rike, Asst. Dist. Atty., Fort Worth, for appellee.

Before HILL, C.J., and HICKS and FARRAR, JJ.

## OPINION

HICKS, Justice.

Appellant, Signature Services, Inc., sued Tarrant County for breach of contract and for promissory and equitable estoppel. The trial court granted Tarrant County's motion for summary judgment. In one point of error, appellant alleges that the trial court erred in granting the motion for summary judgment on appellant's claim for breach of contract. We overrule this point of error and affirm.

The facts of this case are very straightforward. In September and October of 1987, the purchasing department of Tarrant County solicited bids for commissary services for the Tarrant County Jail. Signature Services submitted its bid on December 17, 1987.

On April 4, 1988, the Tarrant County Commissioners' Court awarded the contract for commissary services to appellant without any consultation with Don Carpenter, then the duly elected Sheriff. By written communication, appellant was advised that it was to begin commissary services on May 2, 1988.

Appellant made preparations to comply with the contract. On May 2, 1988, appellant was refused admittance to the Tarrant County Jail by Sheriff Carpenter. This lawsuit then ensued.

Tarrant County's position is quite clear. It contends that the Commissioners' Court did not have the statutory or constitutional authority to contract independently of the Sheriff for jail commissary services. Appellant argues that even if we assume that the Sheriff's cooperation was necessary, his lack of cooperation does not excuse the County from performing under the contract. Tarrant County then makes the argument that the contract in question required the approval of Commissioners' Court and the Sheriff, and unless all parties to a contract execute or accept the contract, none of the parties is bound. The County also argues that when the Commissioners exceed their authority, their acts are then void. We must then determine the authority of both the Commissioners and the Sheriff in relationship to the operation of a commissary.

The County is required to provide a courthouse and necessary public buildings and to maintain the same. Tex.Loc.Gov.Code Ann. § 291.001 (Vernon 1988). The County is also required to provide jails for the County. Tex.Loc.Gov.Code Ann. § 351.001 (Vernon Supp.1994). The jail must be kept in good repair, and must be provided with water, sewage facilities and food, and must be maintained in a clean and sanitary condition. Tex.Loc.Gov.Code Ann. §§ 351.004, 351.010 (Vernon 1988).

Texas Administrative Code sections 259.25(b) and 261.14(b) pertaining to the construction of jails, provide that space *should* be allocated for an inmate commissary. 37 Tex.Admin.Code §§ 259.25(b), 261.14(b) (West 1989). Sections 259.32 and 261.21 provide that space appropriate to capacity of the jail *should* be provided for an inmate commissary, or a written program *shall* be established. 37 Tex.Admin.Code §§ 259.32, 261.21 (West 1989). Section 291.1 provides that each detention center *shall* have and implement a written plan governing the availability and manner of use of inmate commissary privileges. 37 Tex.Admin.Code § 291.1 (West 1989).

■ We interpret these Code sections as placing a duty on the County to provide a county jail and to either allocate space for a jail commissary or to furnish commissary privileges to jail inmates under a written plan. Such Code sections do not specifically distinguish between a commissary operated in space provided by the County for inmate privileges and one which may be located on off-jail premises for such purposes as may be prescribed by a written plan. The record in this case indicates that commissary space has been provided for the Tarrant County Jail, and the question of whether the County is required to provide such space, as compared to otherwise providing for inmate commissary privileges under a written plan, is not before us.

The Commission on Jail Standards is required to adopt rules and procedures establishing minimum standards for the construction, equipment, maintenance, and operation of county jails. Tex.Gov.Code Ann. § 511.009(a)(1) (Vernon 1990) (formerly article

5115.1, section 9, Texas Revised Statutes). These also include minimum standards for personnel, programs, and services of county jails and for the custody, care, and treatment of inmates of county jails. 37 TEX.AD-MIN.CODE §§ 251.2, 299.1 (West 1989). Each county jail must comply with the minimum standards and the rules and procedures of the Commission. TEX.LOC.GOV.CODE ANN. § 351.002 (Vernon 1988). The jail standards are enforceable by the Commission. TEX. LOC.GOV.CODE ANN. § 351.015 (Vernon 1988); 37 TEX.ADMIN.CODE § 299.1 (West 1989).

The Sheriff and Commissioners of each county are required to submit to the Commission an annual report of the conditions of the jail, including information necessary to determine compliance with state law, Commission orders, and the rules adopted by the Commission, and the Commission must determine, at least annually, whether the jail of a county is in compliance. TEX.GOV.CODE ANN. § 511.009(a)(8) & (10) (Vernon 1990). The Sheriff is required to inspect the jail at intervals to inquire into the state of compliance with the rules of the Commission, and the Commissioners' Court is encouraged to make similar periodic inspections. 37 TEX.ADMIN.CODE § 297.1 (West 1989). The Sheriff and the Commissioners of each county are required to furnish to the Commission any information designated by the Commission as necessary for the Commission to discharge its duties. · TEX.GOV.CODE ANN. § 511.010(b)(1) (Vernon 1990).

If the Commission finds that a county jail does not comply with the state law, or the rules, standards, or procedures of the Commission, it must report such noncompliance to the County Commissioners and the Sheriff. TEX.GOV.CODE ANN. § 511.011 (Vernon 1990). The notice of noncompliance from the Commission to the Commissioners' Court and Sheriff must specify a reasonable time within which corrective measures shall be initiated by the county officials, and a reasonable time within which the corrective measures must be completed by the Commissioners' Court and Sheriff who are responsible for the noncomplying jail facility. TEX.GOV. CODE ANN. § 511.012(a) (Vernon 1990); 37 TEX.ADMIN.CODE § 297.4 (West 1989). The

responsible Sheriff and Commissioners' Court are required to initiate and complete the corrective measures within the time prescribed by the Commission and to report to the Commission the corrective measures so initiated and completed. 37 TEX.ADMIN.CODE § 297.5 (West 1989).

If the Commissioners or the Sheriff fails to initiate and complete the corrective measures within the time prescribed, the Commission may issue a remedial order declaring the jail or a portion thereof be closed or that all or any number of the confined inmates be transferred to another jail. The county responsible for the noncomplying jail shall bear the liability for and the cost of transportation and maintenance of prisoners so transferred. TEX.GOV.CODE ANN. § 511.012(b) & (c) (Vernon 1990); 37 TEX.ADMIN.CODE § 297.6 (West 1989).

█ It appears clear from these authorities that the construction and maintenance of a county jail and jail commissary, as well as the operations thereof, are covered by the minimum jail standards, that compliance with such standards may be enforced against both the County and the Sheriff, and that the County has continuing exposure and potential liabilities respecting noncompliance with such standards, regardless of whether the noncompliance falls within the sole responsibility of the Commissioners' Court or the sole responsibility of the Sheriff or whether it falls within an area of responsibility shared by both the Commissioners' Court and the Sheriff.

█ All parties to this appeal argue in effect that the right or duty of either the Sheriff or the County to operate the jail is determinative of the rights to execute a contract for a third party to operate the commissary.

Subchapter C of chapter 351 of the Texas Local Government Code is titled "Operation of County Jails." TEX.LOC.GOV.CODE ANN. § 351.041 (Vernon 1988) provides that the Sheriff is the keeper of the county jail and shall safely keep all prisoners committed to the jail. We find nothing in Subchapter C that specifically designates the Sheriff as the · operator of the jail or the commissary.

Section 351.0415 of the local government code is titled "Commissary Operation by Sheriff." Act of May 28, 1989, 71st Leg., R.S., ch. 980, § 1, 1989 Tex.Gen.Laws 4056, *amended by* Act of May 26, 1993, 73rd Leg., R.S., ch. 913, § 1, 1993 Tex.Gen.Laws 3874 (current version at TEX.LOC.GOV.CODE ANN. § 351.0415 (Vernon Supp.1994)). At the time the court granted summary judgment, subsection (a) authorized the Sheriff of a county with a population of less than 1,000,000, according to the latest federal census, to operate, or contract with another person to operate a jail commissary.[1] Tarrant County has a population in excess of 1,000,000, and that subsection (a) accordingly gave the Sheriff in this case no express or implied authority to either operate, or to contract with another to operate, the commissary.

TEX.LOC.GOV.CODE ANN. § 291.003 (Vernon 1988) provides that the Sheriff shall have charge and control of the courthouse, subject to the regulations of the Commissioners' Court. TEX.LOC.GOV.CODE ANN. § 291.005(e) (Vernon 1988) provides that the Sheriff is responsible for employing and discharging, as provided by law, the employees engaged in the operation of county jails, and that the employees necessary for the proper conduct of the jails or the safekeeping of prisoners are under the exclusive direction and control of the Sheriff. It appears that the appointment or hiring of employees by the Sheriff under this Code section would be subject to TEX.LOC.GOV.CODE ANN. §§ 151.001–.004 (Vernon 1988), which provide for the Commissioners' Court to determine the number of employees that may be appointed after receiving an application for authority to appoint employees for such purposes.

Texas Administrative Code section 253.1, with respect to words used in the rules pertaining to jail standards, defines a "jail" as a facility that is operated by or for a county government, and defines "owner" as the Commissioners' Court of the county in cooperation with the Sheriff for the planning, staffing, and maintenance of the jail. 37 TEX.ADMIN.CODE § 253.1 (West 1989). The

Code sections discussed herein make it clear that the minimum jail standards apply to operations of the county jail. The Codes do not define or designate who is to be the "operator" of the jail, and do not give any specific guidance or direction as to who must or may operate the county jail in counties with a population in excess of 1,000,000. Section 253.1 of the Texas Administrative Code does indicate that a county jail can be operated by or for the county. 37 TEX.ADMIN.CODE § 253.1 (West 1989). Where the Codes do not define the term "operator," we must interpret it in its general and commonly understood sense, which in this case indicates those who manage and control the jail. *See Courtney v. State*, 639 S.W.2d 16, 17 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd). It appears to us that both the County and the Sheriff have separate but overlapping interests in such operations and have continuing liabilities and duties pertaining to such operations.

The Sheriff is in charge and control of the day-to-day operations of the jail. We do not consider any interests which the County has in the jail operations or any authority which the County might have to operate the jail as authority to usurp the duties and authorities of the Sheriff as keeper of the jail as provided by TEX.LOC.GOV.CODE ANN. § 351.041 (Vernon 1988), or his direction and control over the jail employees as provided by TEX. LOC.GOV.CODE ANN. § 291.005(e) (Vernon 1988). The overall language of the Code sections discussed herein strongly indicates an urging by the Commission that cooperation is needed between the Commissioners' Court and the Sheriff in conducting jail activities.

We hold that neither the County nor the Sheriff, by virtue of an interest or participation in the jail operations alone, is empowered or authorized to contract for an outside vendor to operate the commissary. The judgment of the trial court is affirmed.

---

1. Section 351.0415 now applies to all counties. TEX.LOC.GOV CODE ANN. § 351.0415(a) (Vernon Supp.1994).