Dan Larry **FRAZER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46822.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Rehearing Denied April 17, 1974.

Second Rehearing Denied May 8, 1974.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, two (2) years.

As a sole ground of error appellant contends the trial court erred in overruling his motion to suppress evidence, which was founded on the contention that the evidence was illegally seized.

On July 3, 1971, Mr. Russell, the Chief of Security for the Dallas Market Center, noticed an automobile occupying two spaces in the Market parking area. He sought out the appellant, who admitted it was his, and drove him back to move the car.

Officer Tilton, an off-duty officer of the Dallas Police Department, who was working in the area, saw appellant flick or throw something under Russell's car as Russell and appellant entered it. On investigation the officer found a bottle in the area that the car had occupied. The bottle contained a substance which, in the opinion of the officer, was marihuana.

The officer walked over to the area in which appellant's car was parked, and questioned appellant concerning the bottle. Appellant denied knowledge of the bottle and gave consent to a search of the car; however, this consent was immediately revoked. Nevertheless, the officers searched the car and found two containers of marihuana in the passenger area.

Appellant cites several cases in which the "plain view" doctrine was invoked.[1] He urges that they are distinguishable for the reason that in those cases the officers who found the abandoned property were able to identify it as the identical property that fell from the defendant's hand. If appellant's contention

Fred Time, Dallas, for appellant.

Henry Wade, Dist. Atty., and William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

1. Miller v. State, Tex.Cr.App., 458 S.W.2d 680; Jimenez v. State, Tex.Cr.App., 421 S.W.2d 910; Mendez v. State, Tex.Cr.App., 362 S.W.2d 841; Rodriguez v. State, 172 Tex.Cr.R. 540, 360 S.W.2d 406; Nava v. State, 170 Tex.Cr.R. 355, 340 S.W.2d 955; Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781.

be correct, it is not supported by the record. The officer testified that after the bottle was released from appellant's hand he saw what it was and saw the cap come off. See also Gamez v. State, Tex.Cr. App., 403 S.W.2d 418.

The subsequent search of appellant's automobile presents a different problem. It appears that Gasery v. State, Tex.Cr. App., 465 S.W.2d 377, and cases there cited are in point. In that case, the defendant was arrested for burglary when he was found prying on an air conditioner trying to get into a building. The officers searched a car parked in the immediate area, and seized a stolen bank bag, tools, and property taken in another burglary. In affirming, this Court held there was probable cause for searching the automobile. Likewise, we hold that probable cause to search the automobile existed in the case at bar. Cf. Hensley v. State, Tex.Cr.App., 494 S.W.2d 816.

■ If we be in error as to the validity of the search of appellant's automobile, this conviction is nevertheless sustainable on the basis of the quantity of marihuana found under Officer Russell's automobile.

Officer Tilton testified that, in his opinion, the bottle which he saw appellant "flip" contained marihuana. Such testimony is sufficient to sustain a conviction. Boothe v. State, Tex.Cr.App., 474 S.W.2d 219.

Also it was stipulated that the bottle contained marihuana.[2]

The judgment is affirmed.

ROBERTS, Judge (concurring in part and dissenting in part).

The trial in this case was before the court; this following a lengthy hearing on a defense motion to suppress evidence be-cause of an alleged illegal search. During the actual trial, the defense counsel did agree that the judge should consider all the evidence presented at the hearing on the motion. This evidence included testimony by the arresting officer that after he retrieved the bottle which he saw appellant "flick" away, he examined the contents thereof, and concluded that it contained marihuana. On this basis, the evidence is sufficient to sustain the conviction. If the conviction had to stand or fall depending on the legality of the search of the appellant's automobile, I would vote for reversal of the cause, as the search of that vehicle was illegal.

The record reflects that on the day in question the appellant's vehicle was parked *across* Industrial Boulevard from the area where the appellant got into the automobile with the security officer and rode over to his auto. Because of the heat, the appellant had parked his car, taking up two parking spaces, so as to take advantage of the shade offered by a tree located nearby. His trunk was full of candles which he was selling at the trade fair, and the appellant showed this to the security guard upon their arrival at the vehicle. The police officer who arrested the appellant was working pedestrian traffic at a signal light some "thirty-five to fifty feet" from where appellant and the security guard entered their vehicle.

Further, the security officer stated that he did not see or hear any container being thrown and that as far as he was concerned the appellant was free to leave after the parking violation was cleared up. There was no testimony from this officer regarding the subsequent search of the appellant's automobile.

The arresting officer stated that at the time in question he was working as patrol officer at a pedestrian crossing between the

---

2. "MR. HILL [prosecutor]: It's further agreed and stipulated that the vegetable material Officer Tilton found was, in fact, marihuana."

\*     \*     \*     \*     \*
"MR. TIME [appellant's counsel]: No objection, with that stipulation  .  .  . "

Market Hall and the Dallas Trade Mart. After the "flick," the officer followed appellant and the security guard to appellant's automobile and there searched appellant's person after asking him if "he had any more of this with him." The appellant denied knowledge of the bottle, and the search of appellant's person revealed nothing of consequence.

The officer who arrested the appellant testified that after finding the bottle he made up his mind at that point to arrest appellant for possession of marihuana. He candidly admitted that the search of the appellant's automobile was to determine if there was any more marihuana there. The officer further testified that he told appellant several times to shut-up and be quiet because "he was making protests." Also, this officer verified that the appellant withdrew his consent to search before the search got underway, but that the search continued, lasting some *twenty or thirty minutes*, while appellant continued to protest.

Using the majority's logic, probable cause would have existed for a search at the *next location* appellant proceeded to, period, whether it had been a car, a house or an apartment. I must inquire—where would such "probable cause" have ended—after how many stops?

The one case cited by the majority is not at all in point. In Gasery v. State, supra, the accused was arrested at approximately 3:00 o'clock in the morning behind a drug store. When arrested, he was in the process of prying on an air conditioner trying to get into the building. The significant facts which the majority fail to point out, however, are that in Gasery the accused was using a *tire tool* when arrested and the automobile which was subsequently searched was parked in the *immediate* vicinity. Therefore, there at least existed a logical affirmative link in that case between an implement the accused was using when arrested and the nearby automobile.

Further, the Court in Gasery obviously did not intend to lay down a blanket rule that vehicles found near an accused when lawfully arrested may always be searched, as the Court specifically limited the holding to "the evidence present in this case."

How logical is it to conjure up probable cause *after* the "flick" incident, to make an exhaustive search of an automobile completely disconnected with the facts which aroused the officer's suspicion? The reasoning behind the majority's opinion appears to be that if a person "flicks" away drugs he must necessarily have more drugs stashed away at the location to which he next proceeds. The response that, "Well, this appellant *did* have more drugs there" is valueless; as often stated, the fruits of an illegal search cannot supply the probable cause for that search. The concern should be as much for future persons' rights as those of the present appellant. Because of our system of *stare decisis,* what happens today does matter—it matters a great deal and the search of the car should be labeled illegal, for it clearly was.

Therefore, I concur in the result reached, but dissent from any holding by the Court that the search of the automobile was legal.

ODOM, J., joins in this opinion.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

A majority of this Court now conclude that the search of the appellant's automobile was, in fact, illegal. (See this writer's opinion concurring in part and dissenting in part, filed on original submission.) Therefore, that portion of the original opinion which held the search of the vehicle to be legal is hereby overruled.

Nevertheless, we find the evidence sufficient to support the verdict. This case was tried before the court; both sides agreed that the evidence heard at the pre-trial suppression hearing would serve as evidence in this case. Such agreement is evidenced in the record before this Court by an instrument which reflects the appellant's *written* consent to stipulations of evidence. Art. 1.15, Vernon's Ann.C.C.P., as amended, states, in part:

> "The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

See Keeble v. State, Tex.Cr.App., 506 S.W.2d 879 (delivered March 20, 1974). As was pointed out in the Court's opinions on original submission, the stipulated evidence in this cause included testimony by the arresting officer that after he retrieved the bottle which he saw the appellant "flick" away, he examined the contents thereof, and concluded that it contained marihuana. Such testimony supplied the trial court with adequate evidence to support the conviction.

Therefore, the appellant's motion for rehearing is considered, for the limited purpose of establishing the illegality of the search of the automobile; however, since the disposition of the cause remains the same, the motion is overruled.

DOUGLAS, J., concurs in the result for the reasons stated in the original opinion.