Jessie HANEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 61730.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 17, 1979.

Rehearing En Banc Denied
Nov. 21, 1979.

Russell C. Busby, Amarillo, for appellant.

Thomas A. Curtis, Dist. Atty., John Bryon Reese and Steve Schiwetz, Asst. Dist. Attys., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for possession of methamphetamine. The punishment was assessed at imprisonment for two years.

■ Appellant contends that the trial court erred in denying his motion to suppress the seized methamphetamine. After the trial court overruled the motion to suppress, appellant entered a plea of guilty and waived his right to a jury trial. In assessing punishment, the trial court accepted a sentencing recommendation by the prosecutor which had been personally agreed to by appellant. The issue of the legality of the search was raised by written motion filed prior to trial, however, and we therefore have jurisdiction to entertain this appeal. Art. 44.02, V.A.C.C.P.; *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978).

At the hearing on the guilty plea, appellant voluntarily took the stand and testified that every allegation in the indictment was true and correct, specifically affirming that he had knowingly and intentionally possessed a vial of methamphetamine on the date in question. A police officer also testified about the circumstances of the offense, and the vial of methamphetamine which had been the subject of the motion to suppress was introduced into evidence. After the state rested, the trial court questioned appellant further:

"THE COURT: Now that we've all been enlightened about how the tests were methamphetamines, you are still telling me that you had them in your pocket and that's what it was?

"MR. HANEY: Yes, sir.

"THE COURT: All right. Mr. Haney, I'll find you guilty as charged in the indictment. I believe the evidence is sufficient beyond a reasonable doubt to find you guilty if the offense of possession of a controlled substance, to-wit: methamphetamine."

The record also affirmatively reflects that appellant's plea and testimony were knowingly and voluntarily given.

In *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978), the defendant entered a plea of guilty after his motion to suppress was overruled. The defendant received permission from the trial court to appeal. After his guilty plea was accepted by the trial court, the defendant took the stand and judicially confessed to the offense alleged in the indictment. The evidence seized under the challenged search warrant was *not* introduced. This Court held that nothing was presented for review; the seized evidence had not been introduced and the judicial confession was alone sufficient to support the conviction. Id. at 909–10, citing *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.App.1974).

■ The issue in this case then is: Where appellant has entered a valid judicial confession to the offense, can the introduction of illegally seized evidence in a guilty plea hearing be reversible error? The rationale of *Ferguson,* coupled with the law on the nature of harmless error and judicial confessions, compel a negative conclusion. We do not reach the issue of the validity of the search and seizure in this case and we do not imply any viewpoint on it; we posit the question hypothetically to fairly determine the materiality of the issue.

If lawfully obtained evidence of guilt is overwhelming, any constitutional error will generally be considered harmless beyond a reasonable doubt. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). This doctrine has been specifically applied to the introduction of wrongfully

obtained evidence. E. g., *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Wood v. State,* 573 S.W.2d 207 (Tex.Cr.App.1978); *Hunnicutt v. State,* 531 S.W.2d 618 (Tex.Cr.App.1976). The cases have not defined what evidence of guilt should be considered "overwhelming"; but the Supreme Court has held that the introduction of a validly obtained complete confession does meet this standard and renders constitutional error harmless. See *Milton v. Wainwright,* 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).

This Court has repeatedly emphasized that a judicial confession to the allegations of an indictment will alone be sufficient to support a conviction on a guilty plea. *Cooper v. State,* 573 S.W.2d 533 (Tex.Cr.App. 1978); *Potts v. State,* 571 S.W.2d 180 (Tex. Cr.App.1978); *Byrom v. State,* 528 S.W.2d 224 (Tex.Cr.App.1975); *Henderson v. State,* 519 S.W.2d 654 (Tex.Cr.App.1975). In this case appellant took the stand and testified that he committed the offense and he repeated this testimony when interrogated by the trial judge. It is difficult to imagine any evidence of guilt that could be more overwhelming than a voluntary admission by the accused on the stand, after full warning by the trial court, that he committed the offense as charged. In the absence of any evidence that undermines or conflicts with the credibility of such an admission, a judicial confession will nullify the prejudicial effect of the introduction of illegally obtained evidence in the guilty plea hearing.

The evidence is sufficient to support the guilty plea without reference to the contraband alleged to be improperly admitted. Art. 1.15, V.A.C.C.P. "If the guilty plea is supported by evidence (see Art. 1.15, supra) independently of the matter contested in the pretrial motion, then any erroneous ruling on that motion does not vitiate the conviction." *Ferguson v. State,* 571 S.W.2d at 910. No reversible error was committed here.

The judgment is affirmed.