Guy MORGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-81-00292-CR.

Court of Appeals of Texas, San Antonio.

June 29, 1983.

Discretionary Review Granted Dec. 7, 1983.

Richard E. Langlois, San Antonio, for appellant.

Bill White, Dist. Atty., Hipolito Canales, Jr., Jerry Rosson, Asst. Dist. Attys., San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction for possession of methamphetamine as a repeat offender upon a plea of guilty in a nonjury trial. Punishment was assessed at fifteen years' confinement in the Texas Department of Corrections.[1]

Appellant in two grounds of error contends that the trial court erred in overruling his motion to suppress the seized methamphetamine. Finding fundamental error, we reverse and remand.

After the trial court overruled the motion to suppress, appellant waived his right to jury trial and entered a plea of guilty. In assessing punishment, the trial court accepted a sentencing recommendation by the prosecutor which had been personally agreed to by appellant. Subsequently, but before sentencing, the trial court reduced the punishment from the thirty years agreed upon to a term of fifteen years.

The issue of the legality of the search was raised by written motion filed prior to trial and, in addition, the trial court has specifically given permission to appeal. We, therefore, have jurisdiction to entertain this appeal. Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979).

At the hearing on the guilty plea appellant executed an instrument entitled written waiver and consent to stipulation of testimony and stipulations which contained numerous exhibits including police reports, laboratory analysis reports and other papers in support of the enhancement count.

In the written waiver and consent to stipulation of testimony and stipulations is contained the following language:

Said defendant in person under oath together with his counsel and the attorney representing the State of Texas further agrees and stipulates that he, the said

---

1. Appellant was originally indicted as a habitual offender but pursuant to a plea bargaining agreement the State waived the habitual count, recommended 30 years as punishment and dismissed another pending cause (80–CR–1156).

defendant, is the identical person named in the indictment in the above-styled and numbered cause and that all the acts and allegations in said indictment (Count Nos. 1 and 2 of the indictment) charging the offense of *Possession of Methamphetamine* are true and correct, and that the acts therein alleged occurred in Bexar County, Texas.

Also contained in the instrument is the following language:

[D]efendant judicially confesses that on August 12, 1976, in the 186th Judicial District Court of Bexar County, Texas, in Cause No. 76CR0128–C on the docket of said Court, the said Guy Morgan under the name of Guy Ossie Morgan, was duly and legally convicted in said last named court of a felony, to-wit: Attempted Burglary of a Habitation, upon an indictment then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by the defendant prior to the commission of the offense hereinbefore charged against him, as set forth in the first paragraph hereof.[2]

The indictment in the first paragraph alleged in pertinent part, "[A]nd on or about the 10th day of March A.D. 1980, Guy Morgan did then and there knowingly and intentionally possess a controlled substance, namely: Methamphetamine; . . ."

The majority of the exhibits contained in the written waiver and consent to stipulations of testimony and stipulations relate to the contested suppression evidence and supply the proof necessary to support the guilty plea conviction. *See* Tex.Code Crim. Proc.Ann. art. 1.15 (Vernon 1979).

■ When evidence from a contested search is not introduced by the State, the trial court's erroneous ruling on the admissibility of such evidence will not serve as the basis for a reversal on appeal. *Brewster v. State,* 606 S.W.2d 325 (Tex.Cr.App. 1980).

■ But if the contested suppression evidence is admitted at trial and it alone supplies the proof necessary to support the conviction upon a guilty plea, this court will review the adverse ruling on the pretrial suppression motion pursuant to article 44.-02, *supra.* On the other hand, if the guilty plea is supported by evidence independent of the matter contested in the pretrial motion, then any erroneous ruling on that motion does not vitiate the conviction. *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App. 1978).

■ In *Haney v. State,* 588 S.W.2d 913 (Tex.Cr.App.1979) the Court of Criminal Appeals reiterated the long accepted rule that a judicial confession to the allegations of an indictment will alone be sufficient to support a conviction on a guilty plea. [Citing *Cooper v. State,* 573 S.W.2d 533 (Tex.Cr. App.1978), *Potts v. State,* 571 S.W.2d 180 (Tex.Cr.App.1978); *Byrom v. State,* 528 S.W.2d 224 (Tex.Cr.App.1975); *Henderson v. State,* 519 S.W.2d 654 (Tex.Cr.App. 1975)].

■ In *Haney, supra,* a judicial confession through testimony entered during the guilty plea alone sufficed to support the conviction as "evidence independent of the matter contested in the pretrial motion." The observation was therein made that an erroneous ruling on the pretrial motion to suppress would at most be harmless error because the otherwise complete confession met the standard of "overwhelming evidence of guilt" so as to render constitutional error harmless beyond a reasonable doubt. 588 S.W.2d at 914–15.

In the instant case, appellant did not testify as did the defendant in *Haney,* but he did enter into the written stipulation wherein he admitted to the truthfulness of the allegations in the indictment.

■ In *Adams v. State,* 490 S.W.2d 189 (Tex.Cr.App.1973), the exact same language was held to constitute a judicial confession. This type of "catch-all" stipulation is sufficient to constitute a judicial confession which will alone support a conviction.

---

**2.** Referring to the preceding paragraph containing an additional stipulation.

*Potts v. State, supra.* *See also Miles v. State,* 486 S.W.2d 326 (Tex.Cr.App.1972); *McNeese v. State,* 468 S.W.2d 800, 801 (Tex. Cr.App.1971).

Therefore, the evidence is sufficient to support the guilty plea without reference to the contraband alleged to be improperly admitted. *Haney v. State, supra.* Cf. *Snyder v. State,* 629 S.W.2d 930 (Tex.Cr.App. 1982) (en banc). We are, however, presented with the same problem that plagued the Court of Criminal Appeals in *Mooney v. State,* 615 S.W.2d 776 (Tex.Cr.App.1981).

When the hearing on the guilty plea was called for announcements, appellant answered that he was ready subject to his motions. During the trial court's admonishments appellant through his attorney reminded the trial court that he was intending to preserve review of the adverse ruling on the motion to suppress and the trial court acknowledged appellant's announced intentions.

At the sentencing hearing some thirty-seven days later appellant's attorney brought to the trial court's attention his second motion for new trial seeking once again to preserve review on the overruled motion to suppress. Following sentencing appellant gave oral notice of appeal limited to those matters raised by pretrial motion and the trial court once again acknowledged appellant's conditional plea by appointing counsel to assist appellant at State expense. Undoubtedly, all the parties proceeded with the guilty plea under the belief that meaningful review was being preserved.

In *Wooten v. State,* 612 S.W.2d 561 (Tex. Cr.App.1981) the Court of Criminal Appeals recognized that an exception to the general rule of Article 44.02, *supra,* existed in those cases where a pretrial motion under the Speedy Trial Act was sought to be reviewed following a guilty plea. There it was held that such a pretrial motion alleging violations of the Act was nonreviewable because a guilty plea renders any defects waived. In *Mooney v. State, supra,* the defendant sought to review an adverse ruling on his motion to suppress following a *nolo conten-*dere plea in which he stipulated to the commission of the offense and such stipulation was admitted into evidence. The plea by defendant was entered pursuant to a plea bargain agreement and review was sought under the provisions of article 44.02, *supra.* The Court of Criminal Appeals noted that such a plea accompanied by a judicial stipulation amounting to a confession notably foreclosed appellate review but more importantly deprived the trial court of authority to accept the defendant's conditional plea. The court held that the trial court erroneously apprised the appellant of the effect of his plea as accompanied by the judicial admission.

▮ In quoting from *Wooten v. State, supra,* the court stated:

If the plea was entered with such an agreement or understanding that the merits of the motion would be preserved for appeal, *then the trial court was not authorized by State law to accept such a plea. . . . As a matter of constitutional law* a guilty plea cannot be said to have been voluntary if it was induced by an agreement approved by the court that a question could be appealed when that agreement could not be fulfilled. [Emphasis supplied.]

*Mooney, supra* at 778. As in *Wooten,* it is plainly clear that there was an arrangement, approved by the court, which induced the appellant to plead guilty in the belief that he could appeal the motion to suppress ruling although burdened by an impediment preventing review. Under the circumstances, the plea was not knowingly and voluntarily made. On remand appellant is entitled to replead. The judgment is reversed and the cause is remanded.

DIAL, Justice, dissenting.

I dissent from the majority's disposition of this case.

Appellant entered a plea of guilty to possession of methamphetamine after the trial court had overruled a motion to suppress the seized methamamphetamine. The trial court assessed a punishment less than that recommended by the prosecution and

agreed to by the appellant and his attorney. At the plea of guilty, appellant's counsel indicated he wished to preserve for appeal the court's ruling on the motion to suppress. Since the issue of the legality of the search was raised by a written motion filed prior to trial, this issue is properly before us. Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1977);[1] *Ferguson v. State,* 571 S.W.2d 908, 909 (Tex.Cr.App.1978); *Haney v. State,* 588 S.W.2d 913 (Tex.Cr.App.1979).

At the plea before the trial court, appellant stipulated to the commission of the offense. He further stipulated to the testimony of other witnesses which related to the seized evidence. These stipulations were admitted before the trial court. The record reflects that appellant's plea and the stipulations were knowingly and voluntarily given.

*Ferguson* involved a plea of guilty entered after a motion to suppress evidence seized pursuant to a search warrant was overruled. The defendant judicially confessed, but none of the evidence obtained as a result of the search warrant was introduced. The Court of Criminal Appeals held that the judicial confession was alone sufficient to sustain the conviction. In *Haney,* the issue was: where appellant has entered a valid judicial confession to the offense, can the introduction of illegally seized evidence in the guilty plea hearing be reversible error? The court concluded that the judicial confession was sufficient to support the guilty plea without reference to the contraband alleged to be improperly admitted. The judgment of conviction was also affirmed. In both *Ferguson* and *Haney* the court did not reach the issue of the validity of the search and seizure though preserved under article 44.02.

If we follow *Haney,* which is factually identical to our present case, we should reach the same result and affirm the conviction without passing on the search and seizure question though apparently preserved for review under article 44.02. If we do not pass on the search and seizure question, the purpose of article 44.02 would be frustrated. *See Isam v. State,* 582 S.W.2d 441, 442 (Tex.Cr.App.1979). What the Legislature intended by article 44.02 and what the appellant is contending here is that if the officers did not violate the rights of the defendant, then he should be assessed the punishment for which he bargained in the plea of guilty. But if the officers did violate his rights, then he should not receive the punishment.

If we review the search and seizure issue, we would still reach the same result. In the instant case, the officer testified that he received a phone call from an informant that he knew personally and who had provided him with reliable information in the past. The information received from the informant was that a person by the name of Guy Morgan was seen to have on his person a small amount of methamphetamine, and he was going to be at a place known as the Doll House for a short period of time, intending to try to sell some methamphetamine there. He would be operating a green four door sedan that was an older model Chrysler that would be parked backed in a particular area of the parking lot. The officers testified that they did not have time to secure a search warrant. Though the officers did not receive a description of the appellant, they learned from their identification section that an individual by the name of Guy Morgan had been previously "handled" on a narcotics case. They obtained a picture of that particular subject and took it with them to the scene. They observed an older model green four door sedan Chrysler parked in the manner de-

1. Tex.Code Crim.Proc.Ann. art. 44.02 provides:

    A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, *except on those matters which have been raised by written motion filed prior to trial.* This article in no way effects appeals pursuant to article 44.17 of this chapter. [Emphasis supplied.]

scribed outside the Doll House. Shortly thereafter a person matching the picture they had obtained came towards the car and stopped by it. The officers approached the individual and asked him who he was. Upon learning that he was Guy Morgan, the officers placed him under arrest and searched him. The officers had verified all of the critical facts which had been supplied by the informant prior to making the arrest. *Considering the totality of the circumstances, the officers had probable cause at the moment they acted. Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

I would review the search and seizure question as contemplated by article 44.02 and affirm the judgment of conviction on that basis.[2]

---

**2.** Justice Cantu's opinion is based on the "conditional plea theory". *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981). The Court of Criminal Appeals has cut the underpinnings from *Wooten* and its progeny as it applies to a plea of guilty following overruling of a pretrial speedy trial motion. *Martin v. State,* 652 S.W.2d 777 (Tex.Cr.App.1983). The conditional plea theory should not be followed here for other reasons. It created the anomaly of a defendant voluntarily entering a plea of guilty while wanting an article 44.02 review of a pretrial motion. If the defendant admitted his guilt with sufficient formality, the result was a reversal of the conviction everyone agreed to. If the defendant entered a plea of guilty but avoided a judicial confession, then his conviction was affirmed though less evidence supported it. *Haney* and *Ferguson* make more sense.