**Richard T. BAGSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00114–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 25, 1984.

Ronald P. Guyer, San Antonio, for appellant.

Samual D. Milsap, Jr., Charles Tennison, Edward F. Shaughnessy, III, Bexar County Criminal Asst. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

**OPINION**

Appeal No. 04–83–00114–CR

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction for possession of methamphetamine.

Appellant pled guilty in a trial before the court. He was found guilty and the court assessed his punishment at four (4) years' confinement in the Texas Department of Corrections. Appellant's sole contention on appeal is that the trial court erred in overruling his motion to suppress the seized methamphetamine. We affirm.

The statement of facts of the evidence presented at trial is not before us. There is, however, a copy of the trial court's docket sheet in the transcript. The docket sheet recites that the State introduced evidence in the form of written stipulations and waiver of appearance of witnesses consented to by appellant. The written stipulations are also included in the record and contain therein appellant's admission to the truthfulness of the allegations in the indictment.

The indictment in pertinent part alleged "and on or about the 31st day of May, A.D., 1982, Richard T. Bagster did then and there knowingly and intentionally possess a

controlled substance, namely: Methamphetamine, which by aggregate weight, including any adulterants and dilutants was of an amount less than twenty-eight (28) grams; ..." The Court of Criminal Appeals in *Adam v. State*, 490 S.W.2d 189, 190 (Tex.Cr.App.1973), held an admission, such as the one before us contained in the written stipulations, to constitute a judicial confession. It is also well settled that this type of "catch-all" stipulation is sufficient to constitute a judicial confession which will alone support a conviction. *Potts v. State*, 571 S.W.2d 180, 182 (Tex.Cr.App. 1978).

We hold the evidence in the case before us to be sufficient to support the guilty plea without reference to the controlled substance alleged to have been improperly admitted.

If the guilty plea is supported by evidence independent of the matter contested in the pretrial motion, any erroneous ruling on that motion does not vitiate the conviction. *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Cr.App.1978). Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.

DIAL, Justice, dissenting.

For the reasons stated in the dissenting opinion in *Morgan v. State*, 656 S.W.2d 171 at 172–174 (Tex.App.—San Antonio 1983, pet. granted) (Dial, J., dissenting), I believe the appellant is entitled to have the search and seizure question here raised reviewed by this Court. TEX.CODE CRIM.PROC. ANN. art. 44.02 (Vernon 1979). *See Isam v. State*, 582 S.W.2d 441 (Tex.Cr.App.1979).