**Viviano CERNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00364–CR.**

Court of Appeals of Texas,
San Antonio.

March 29, 1985.

B. Oliver Wood, San Antonio, for appellant.

Sam Millsap, Jr., Elizabeth H. Taylor, David K. Chapman, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal of a conviction on a plea of guilty for possession of less than 28 grams of heroin. Punishment was set at five years' confinement.

On February 16, 1983, San Antonio narcotic detectives secured a search warrant for specific premises under the control of one Jose Alvarez. At the time, the officers had received no information about the defendant, and he was not mentioned in either the affidavit or the search warrant. The warrant commanded the officers to arrest the person or persons alleged to be in charge of the premises and "to arrest all other parties found in said premises or making their escape therefrom."

The officers executed the warrant the following day and found a number of people outside the residence when they arrived. Several packets of heroin were found outside the residence where they had apparently been thrown down. The officers could not connect the heroin to any individuals, and no arrests were made relating to that particular contraband.

The defendant was found inside the house in the kitchen. He was told by an officer to freeze, and he made no movement. He was immediately frisked by one of the officers. The frisk was fruitless. One other person, a female, was found inside the residence, hiding in a bathroom. Everyone on the premises was secured and brought inside. They were searched one at a time. The officers testified that this was their standard procedure on executing a search warrant.

The defendant was frisked again and searched thoroughly. His wallet was removed to check his identification. A tinfoil packet of heroin was found in his wallet.

Some controlled substance pills were found in the bedroom, and the female occupant of the house was charged with their possession. Jose Alvarez, the person named in the warrant, was not on the premises.

The defendant filed a pretrial motion to suppress the heroin found in his wallet. On June 3, 1983, a hearing was held on the motion to suppress. The trial court overruled the motion. On June 20, 1983, the defendant entered a plea of guilty before the court. The court assessed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney. We have jurisdiction to review the issues raised by the motion to suppress filed prior to trial. TEX.CODE CRIM. PROC.ANN. art. 44.02 (Vernon 1977); *Morgan v. State*, 688 S.W.2d 504 (Tex. Crim.App.1985).

The State concedes that the arrest and search of the defendant would be constitutionally impermissible under the decision in *Lippert v. State*, 664 S.W.2d 712 (Tex. Crim.App.1984), if it applies to our case. However, the State contends that *Lippert* should not be dispositive of the defendant's case because the search here took place well before the *Lippert* opinion on February 1, 1984.

■ The State is correct that new constitutional doctrine which does not relate to the integrity of the fact finding process will be applied prospectively only. *U.S. v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 2316, 45 L.Ed.2d 374 (1975).

■ The fallacy in the State's argument is that the decision in *Lippert* was not a new extension to the exclusionary rule. It was an application of the holding in *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). In that case the Supreme Court said:

> [A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person ... Where the standard is probable cause, a search or seizure of a person must be supported by probable cause

particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probably cause to search or seize another or to search the premises where the person may happen to be. The Fourth and Fourteenth Amendments protect the 'legitimate expectations of privacy' of persons, not places ... It follows that a warrant to search a place cannot normally be construed to authorize a search of each individual in that place.

*Ybarra v. Illinois*, 444 U.S. at 91–2, 100 S.Ct. at 342–43, 62 L.Ed.2d at 245–46.

In *Rodriguez v. State*, 614 S.W.2d 448 (Tex.Crim.App.1981) the Texas Court of Criminal Appeals declined to apply *Ybarra* retroactively to a search that had occurred two years before the decision. The Court did note that *Ybarra* had overruled Texas case law interpreting the execution of search warrants. *Id.* at 450.

In *Visor v. State*, 660 S.W.2d 816 (Tex. Crim.App.1983) the Texas Court of Criminal Appeals applied the *Ybarra* decision to an arrest and search that took place on January 22, 1979. The search was of a private residence, and the defendant was not named in either the affidavit or the warrant. The Court said that all Fourth Amendment decisions are to be applied retroactively to cases not yet final when the decision was rendered. *Id.* at 820.

We realize that the officers in the present case and the trial judge were following what had long been the established law in Texas. But we are bound to follow the pronouncements of the United States Supreme Court and the Texas Court of Criminal Appeals. We hold that the *Ybarra* decision applies to the present case. The arrest and search of the defendant cannot be justified unless the officers possessed probable cause independent of the search warrant.

Probable cause to arrest exists when the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information would warrant a reasonable and prudent person

in believing that a particular person has committed or is committing a crime. *Lewis v. State*, 598 S.W.2d 280, 284 (Tex.Crim. App.1980). Cumulative knowledge of all officers working on a case is permitted where there is communication between the officers. *Martinez v. State*, 635 S.W.2d 629, 632–33 (Tex.App.—Austin 1982, pet. ref'd).

Here there was not established any nexus between the defendant and the other contraband found on the premises. There was no showing that the defendant was an owner or occupant of the residence being searched. Though he was present when the officers burst in, the defendant did not flee. He made no furtive gesture or sudden movement toward a possible weapon or to destroy evidence. No threats were made and no attempt was made to resist detention. *Lippert, supra* at 721. Giving the officer who searched the defendant constructive knowledge of the information possessed by all of the officers present at the scene, probable cause to believe that the defendant had committed or was committing a crime simply did not exist.

The judgment is reversed and cause is remanded to the trial court.

ESQUIVEL, Justice, concurring.

I agree with the majority in their disposition of the motion to suppress. My dilemma is in their decision to reverse and remand this case.

In *Morgan v. State*, 688 S.W.2d 504 (Tex. Crim.App.1985), our scope of review in a criminal case has been extended to include the consideration of issues raised and contested before trial when an accused enters a plea of guilty and his guilty plea is supported by a written judicial confession or admissions made in open court. We have done that in the case before us today. But, have we, in reversing and remanding this case followed the legislative intent of TEX. CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1977), as stated by the court in *Morgan?* In *Morgan*, the court stated: "[h]aving thus encouraged pleas of guilty and

*nolo contendere* in exchange for the right to appeal contested pre-trial issues, the Legislature surely contemplated a *meaningful appeal*—one that addresses and decides each issue on its merits." (Emphasis added). Because of the questions raised in the dissenting opinion in *Morgan,* concerning the judicial confession upon remand, are we really affording this appellant a meaningful appeal? If the *Morgan* court had gone further and stated that the "judicial confession" in that case could not be used against the defendant in a subsequent trial, then our remand of this case would make sense.

From the record before us, to remand this case in the face of the judicial confession is to engage in judicial gymnastics with no useful purpose. I therefore join my colleague, Justice Cantu, in his reluctance, and concur in the result.

CANTU, Justice, concurring.

*Morgan v. State,* 688 S.W.2d 504 (Tex. Crim.App.1985) compels me to concur in the results. I, however, continue to believe that TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1977) contemplates a meaningful review of issues raised by pretrial motion.

A review can hardly be meaningful if the appealing party is placed in a no win situation in return for the entry of a guilty plea.

In the instant case appellant entered a plea of guilty to the offense charged and the State discharged its burden of proof by securing from the appellant an executed "Written Waiver and Consent to Stipulation of Testimony and Stipulations" which included the following:

I Viviano Cerna do hereby judicially admit and confess that on February 17, 1983, in Bexar County, Texas, I did then and there knowingly and intentionally possess a controlled substance namely: less than twenty-eight grams (28) of heroin; against the peace and dignity of the State.... Said defendant in person under oath together with his counsel and the attorney representing the State of Texas further agrees and stipulates that he the said defendant, is the identical person named in the indictment in the above styled and numbered cause, and that all the acts and allegations in said indictment charging the offense of possession of a controlled substance namely heroin are true and correct, and that the acts therein alleged occurred in Bexar County, Texas.

The stipulations and the express judicial confession have until now always supported the plea of guilty independent of the matter contested in the pretrial motion. Therefore, any erroneous ruling on the motion to suppress did not vitiate the conviction. *Ferguson v. State,* 571 S.W.2d 908 (Tex.Crim.App.1978).

Since the handing down of *Morgan v. State, supra,* this court is required to consider the issue presented for review arising out of an article 44.02 plea even if accompanied by proof independent of the matter contested. But why? No matter how this court rules on the matter, the appellant can receive little consolation from the holding. In the instant case appellant has secured a reversal and remand for a new trial with a judicial confession staring him in the face. What is to be gained by a retrial?

No issue has been made of the voluntariness of the plea and yet it is obvious that an accused would not knowingly and voluntarily give up a valuable right to trial in return for a no win dilemma.

I agree that a plea of guilty pursuant to article 44.02 does not carry with it a guarantee of a successful review. But it ought to carry with it an expectation that a successful review of his "preserved" issue will be of some benefit to him.[1]

Since appellant is a "successful" party to this appeal I defer the question of voluntariness of the plea to the appropriate court

---

1. It profits the appellant little that the "consideration" underlying the plea bargain ... will facilitate the plea bargaining process and must be encouraged by the courts out of deference to the legislative intent of Article 44.02. *See Morgan v. State, supra,* n. 2. Surely the legislature did not intend a meaningful appeal to be rendered meaningless.

if and when it is raised. For the reasons expressed in *Morgan v. State,* 656 S.W.2d 171 (Tex.App.—San Antonio 1983) rev'd 688 S.W.2d 504 (Tex.Crim.App.1985) and because of the solution offered by the Court of Criminal Appeals on discretionary review, I reluctantly concur in the reversal and remand.