Rudolfo Martinez
**RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 67744, 67745.

Court of Criminal Appeals of Texas,
En Banc.

April 17, 1985.

Richard E. Langlois, San Antonio, for appellant.

Bill M. White, Dist. Atty., Elizabeth H. Taylor and Jerry Rosson, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

After unsuccessfully litigating written motions both to suppress evidence and dismiss the indictments for failure to provide a speedy trial, appellant entered pleas of guilty to the offenses of possession of her-

oin[1] and burglary of a habitation in a single proceeding. The admissible evidence incriminating appellant offered by the State on the main charges was his written judicial confessions and an exhibit with attachments.[2]

The records reflect there was the plea bargaining agreement between appellant and the State that the former would plead guilty and the State would abandon two enhancement paragraphs of the burglary indictment, one enhancement allegation in the charge of heroin possession, and recommend that a sentence of thirty years confinement be assessed in each case. These recommendations were followed by the trial court. Accordingly, this Court has jurisdiction to consider appeals of these causes on matters which were either raised pretrial or on which the trial court gave permission to appeal. *Galitz v. State*, 617 S.W.2d 949 (Tex.Cr.App.1981).

In Cause No. 67,744, appellant complains, *inter alia*, of the trial court's denial of his motion to suppress evidence, and in both Cause Nos. 67,744, and 67,745 he complains of denials by the trial court of his motions to dismiss the indictments for failure to comply with the provisions of Article 32A.01, *et seq.*, the Texas Speedy Trial Act.[3]

■ Until the opinion of this Court in *Martin v. State*, 652 S.W.2d 777 (Tex.Cr. App.1983), disposition of his claim of denial of speedy trial rights would follow *Wooten*

*v. State*, 612 S.W.2d 561 (Tex.Cr.App.1981), since the record clearly shows that appellant's pleas of guilty and attendant judicial confessions were made with the understanding of all concerned that the very issues raised by his pretrial motions could be appealed.[4] Now, however, the Court has overruled *Ramirez v. State*, 590 S.W.2d 509 (Tex.Cr.App.1979); *Luna v. State*, 602 S.W.2d 267 (Tex.Cr.App.1980); *Flores v. State*, 606 S.W.2d 859 (Tex.Cr. App.1980), which found that a plea of guilty waives speedy trial rights, and all other decisions following them, including the germane portion of *Wooten*, supra, at 562–563 (headnote 2). Accordingly, as in *Martin v. State*, supra, appellant is entitled to plenary consideration of his claim, and to that we now turn.

The relevant chronology of events is as follows:

| | |
|---|---|
| May 2, 1979 | Appellant arrested. |
| June 20, 1979 | Appellant indicted in Cause Nos. 79–CR–1540 and 79–CR–1541. |
| June 29, 1979 | Appellant waived arraignment. |
| June 29, 1979 | State filed announcement of ready. |
| July 12, 1979 | Pretrial hearing set. |
| July 16, 1979 | First trial setting; State announced ready[5] but that cases were to be reindicted. |
| July 27, 1979 | Trial reset to September 10, 1979. |
| August 1, 1979 | Reindictment under new Cause Nos. 79–CR–1851 and 79–CR–1852. |

1. The possession of heroin charge also alleged appellant had been once before convicted of a felony; to this "repeater" paragraph, appellant entered a plea of "true."

2. Contained in State's Exhibit No. 1 in each case are a laboratory report and offense reports by investigating and arresting officers. Appellant agreed to waive his rights to confront and cross-examine these witnesses, and stipulated in effect that, if called, these law enforcement witnesses would testify to the facts contained in the reports.

3. These complaints regarding the Speedy Trial Act were raised in supplemental grounds of error, duly filed with the trial court.

4. When the State offered its evidentiary exhibits, the trial court asked if there were any objections, to which defense counsel replied that he

had none, subject to the motions to suppress and dismiss the indictments under the Speedy Trial Act. In addition to the transcription of the court reporter's notes of the plea hearing and formal sentencing, appellant's notices of appeal and objections to the records, and the trial court's rulings thereon make it clear appellant, defense counsel, the prosecutor and the two trial judges involved, all believed the issues were appealable on the present state of the record.

5. At the outset of a hearing on motion to dismiss the clerk of the court stated that both the State and appellant announced ready for trial, but since an earlier case was ready, trial of the instant cause was reset for July 27.

August 9, 1979    Appellant waived arraignment. .

September 10, 1979    Trial setting; Motions to Dismiss Under Speedy Trial filed.

September 11, 1979    Hearing on Speedy Trial Motions.

The assistant district attorney in charge of prosecuting cases in the trial court also testified that the State announced ready July 27 and was in fact ready to go to trial, notwithstanding he had noticed a defective enhancement paragraph. When a plea bargain did not materialize, he obtained corrective indictments and though arraignment on them was waived August 9, a notation on the "jacket" showed that the State announced ready on that occasion; [6] while he was not in court September 10 to hear an announcement of ready on the part of the State, he was "quite certain the State is ready, was ready, is ready." Not only did he know most of the officers involved and that they were available, but the record shows that two of them were in the courtroom at that very moment.

■ The contention advanced by appellant is that the State "negated" its prior announcements of ready as of August 1 by causing the grand jury to return reindictments on that day. But his premise seems to be that in ruling on a motion to dismiss pursuant to Article 32A.02, § 1, the court is to look only to written announcements of readiness filed by the State, for he points out that here there was just the June 29 filing. Though appellant accepts that the State was ready September 10, he dismisses that circumstance since it came after expiration of the 120 day period following his arrest.

*Barfield v. State*, 586 S.W.2d 538 (Tex. Cr.App.1979) is squarely against the contention:

"Once the defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the state must declare its readiness for trial then and at the times required by the Act. This declaration is a *prima facie* showing of con-

formity to the Act, but can be rebutted by evidence submitted by the defendant demonstrating that the state was not ready for trial during the Act's time limits." *Id.*, at 542.

Not only was the State ready for trial when appellant's motion to dismiss was heard, but also it had announced ready before and after the reindictments were returned, and the prosecutor testified that the State had been actually ready for trial. Merely showing that the defective enhancement allegation was replaced by a correct one in the second set of indictments does not demonstrate otherwise. The grounds of error are overruled.

The first ground of error in Cause No. 67,744 asserts that the trial court erred in overruling appellant's motion to suppress evidence because the search that produced it was "incident to a pretext arrest." The second ground challenges sufficiency of the evidence to support a finding of guilt. In reply the State meets the merits of the first ground headon, though with respect to the second the State points out that appellant not only executed a written waiver and consent to stipulation of evidence but also made a written judicial confession which "standing alone is sufficient to support the plea of guilty," citing *Byrom v. State*, 528 S.W.2d 224, 226 (Tex.Cr.App. 1975).

■ Recently in *Morgan v. State*, 688 S.W.2d 504 (Tex.Cr.App., 1985), this Court found, "Just as the plea itself no longer waives the right to complain of pretrial rulings on appeal, so the confession or admission will not bar an appellate court from reaching the merits of the complaint." To that extent *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978), and its progeny including *Haney v. State*, 588 S.W.2d 913 (Tex.Cr.App.1979), were overruled. Therefore, appellant has adequately preserved his claimed error on the part of the trial court in denying his motion to suppress.

---

**6.** The clerk of the court also stated that on August 9 the State announced ready, and trial

was then set for September 10.

Accordingly, we may now address the merits of that claim, and turn to do so.

Evidence of fruits of the search of the person of appellant contemporaneously with his warrantless arrest were admitted by way of stipulation in support of his guilty plea. See note 2 *ante*. Putting aside his judicial confession, we are thus authorized to determine the merits of his pretrial motion to suppress evidence gained through what appellant contends is a pretextual arrest. *Galitz*, supra, at 955–956.

The germane facts are not disputed, and as related by appellant in his brief the essence of what happened is as follows: The San Antonio Police Department Task Force received information from a detective at the burglary division that appellant was suspected of committing recent burglaries and that the vehicle appellant was driving had been identified at recent burglaries. Task Force Officers followed appellant and observed him drive through an area of town which is a known heroin connection and followed appellant to another area of town where officers observed him get out of his vehicle and get into a parked vehicle at a local ice house; through binoculars appellant was seen placing a package with a white substance into his pocket, walk back to his vehicle and leave the area. During this period that the officers were tailing the appellant, they received information that the actor had an active burglary warrant and based upon this information [7] and the observation of the officers which indicated to them that appellant had made a heroin transaction, appellant was stopped in his vehicle at a red light intersection and, as they approached his vehicle, they observed appellant throw a small package from his vehicle onto the ground; it was recovered by the officers and identified as heroin. A passenger with appellant was also arrested and a balloon containing heroin was removed from his mouth.

■ Regardless of whether those facts show a pretext for stopping appellant, they do clearly show that the heroin was not obtained as a result of a search of the person or automobile of appellant. See *Frazer v. State*, 508 S.W.2d 362 (Tex.Cr. App.1974) (marihuana in a bottle retrieved by officer after accused had "flicked" it from automobile seizable under plain view doctrine). The first ground of error is overruled.

■ Finally, appellant contends the evidence is insufficient to support a finding of guilt in that the State did not adequately prove the substance in the bag he threw away was heroin. Not only is the stipulated evidence sufficient but also appellant judicially confessed in writing that on the occasion in question he "did then and there knowingly and intentionally possess a controlled substance, namely: heroin." For purposes of testing evidentiary sufficiency we will not disregard his judicial confession. The last ground of error in Cause No. 67,744 is overruled.

■ In Cause No. 67,745, the sole ground of error in appellant's original brief is that the trial court erred in its admonishment as to the range of punishment. Article 26.13, V.A.C.C.P. However, we find that the court did state the minimum and maximum terms applicable to a first degree felony in such a way that made the range of punishment easily understandable. Accordingly, the ground of error is overruled.

The judgments are affirmed.

WHITE, J., not participating.

ONION, Presiding Judge, concurring.

I concur in the result reached. I do note that in passing on the sufficiency of the evidence in Cause No. 67,744 to meet the requirements of Article 1.15, V.A.C.C.P., in light of appellant's plea of guilty the majority considered, and rightly so, the judicial confession of the appellant, freely and voluntarily given. It is interesting to observe that if the decision of the majority on the trial court's ruling on the pre-trial motion to suppress had been otherwise, then the freely and voluntarily given judicial confes-

---

7. Their information was false: the detective was on his way to obtain an arrest warrant.

sion would have been ignored for all purposes. This is so because of the judicial hijinks in the majority opinion in *Ex parte Morgan*, 688 S.W.2d 504 (Tex.Cr.App.1985), interpreting Article 44.02, V.A.C.C.P., as amended, and overruling *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978), and *Haney v. State*, 588 S.W.2d 913 (Tex. Cr.App.1979).

Thus the consideration on appeal of a freely and voluntarily given judicial confession, where there has been a plea bargain agreement and an appeal from a ruling on a pre-trial motion, turns on the decision the appellate court makes on pre-trial ruling. Thus if the subject matter, the "tainted" evidence involved in the hearing on a pre-trial motion to suppress evidence, is not used during the plea of guilty proceedings, but on appeal the appellate court determines the overruling of the motion to suppress was erroneous, the entire conviction is reversed. This is utter nonsense because on re-trial the same evidence could be introduced again and on appeal the conviction would be affirmed. This all follows from the overruling of *Ferguson* and *Haney* in *Morgan* which failed to set any guidelines for re-use of judicial confessions and stipulations following reversal on the erroneous ruling on a pre-trial motion. Hopefully this Court will soon end this foolishness or the Legislature will act.

I cannot agree with the majority's statement in today's opinion

"Accordingly, this court has jurisdiction to consider *appeals* of these causes *on matters* which were *either* raised pretrial or on which the trial court gave permission to appeal. *Galitz v. State*, 617 S.W.2d 949 (Tex.Cr.App.1981)." (Emphasis supplied.)

To the extent that *Galitz* so holds, it should be overruled.

If a defendant falls within the provisions of the 1977 amendment to Article 44.02, he has no right of appeal at all without the permission of the trial court save and except the appeal from rulings on certain pre-trial matters. If an appeal from the plea itself is permitted within the discretion of the court, there is nothing to indicate any legislative intent that the appeal can be greater in nature or scope than an appeal permitted by law where the guilty plea is without a plea bargain. Thus if the court permits an appeal from the plea itself under the amendment to Article 44.02 where there is a plea bargain, it cannot enlarge upon the type of appeal to be accorded the defendant. A defendant who has already benefited from a plea bargain, and who normally would have no appeal at all, is not entitled to a greater right to appeal merely because he gains permission of the trial court. This is plain from the language of the statute. Article 44.02 was not intended to create an artificial distinction between the two forms of guilty pleas. The court cannot waive statutory or other requisites and permit an appeal the defendant would not be accorded. *Galitz* was wrong in interpreting Article 44.02 as allowing a defendant to appeal a specific matter (not the subject of a pre-trial motion) following a guilty plea and a plea bargain which a defendant on a plea of guilty without a plea bargain cannot appeal. It was the very purpose to reduce the number of appeals where there had been a plea bargain, not to increase them. *Galitz* should not continue to be cited.

I do, however, concur in the result reached by the majority in the instant case.