**Guy MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00292–CR.**

Court of Appeals of Texas,
San Antonio.

June 28, 1985.

Richard Langlois, San Antonio, for appellant.

Bill White, Hipolito Canales, Jr., Jerry Rosson, Criminal Dist. Attys., San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

OPINION

CANTU, Justice.

Appellant appealed his conviction for possession of methamphetamine as a repeat offender to this court and we reversed and remanded. *See Morgan v. State,* 656 S.W.2d 171 (Tex.App.—San Antonio 1983, pet. granted). On application by the State for discretionary review the Court of Crimi-

nal Appeals reversed the judgment of this court and remanded the cause to us for consideration of appellant's search and seizure claim. *Morgan v. State,* 688 S.W.2d 504 (Tex.Crim.App.1985). We now address that challenge.

Appellant contends that the trial court erred in overruling his motion to suppress because the warrantless search of appellant was conducted without probable cause and because it was not shown that the procurement of a warrant was impracticable. Appellant's motion to suppress challenged the validity of the search and seizure under both federal and state constitutions but on appeal only federal grounds are urged.

At the hearing on appellant's motion, Detective Norbert Jacobs of the San Antonio Police Department testified that on March 10, 1978, between 7:00 and 7:30 p.m., he received a telephone call from an informant. Jacobs knew the informant personally, had worked with the informant in the past and the informant had consistently provided Jacobs with reliable information.

The informant advised Jacobs that he had seen a person whom he knew as Guy Morgan, with a small packet containing a small quantity of methamphetamine on his person at the Doll House, a bar located at 3205 West Avenue in the City of San Antonio. According to the informant, Morgan was driving an older model Chrysler green four door sedan and the vehicle was parked outside the bar. The informant further advised Jacobs that Morgan was going to be at the Doll House for only a short period of time and was going to try to sell methamphetamine there.

A magistrate was scheduled to be available at 8:00 o'clock that evening but Jacobs did not believe he had sufficient time to obtain a warrant. Jacobs, in company of two other officers, immediately went to the identification bureau, obtained a photograph of an individual known as Guy Morgan, and proceeded to the location of the Doll House.

When they approached the location of the Doll House the officers observed an older model green Chrysler automobile which matched the description of the vehicle described by the informant. Approximately ten minutes later a subject walked out of the bar and approached the Chrysler vehicle, leaned up against it, looked around and combed his hair. The subject resembled the individual in the photograph known as Guy Morgan. The officers then approached the subject. Jacobs revealed his identity as a police officer and ascertained appellant's identity by asking the subject his name. When the appellant identified himself as Guy Morgan the officers searched him and arrested him after they found methamphetamine on his person.

■  Although the instant search was a warrantless one, the amount of probable cause required to justify the search is the same as if a warrant had been sought. *Whiteley v. Warden Wyoming Pen,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

■  Probable cause for a search exists where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonable trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the instrumentality of a crime or evidence pertaining to a crime. *Barber v. State,* 611 S.W.2d 67 (Tex.Crim. App.1981).

■  When we examine the testimony developed at the suppression hearing and which the trial court considered in upholding the presence of probable cause under the "totality of the circumstances" approach, *see Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Eisenhauer v. State,* 678 S.W.2d 947 (Tex. Crim.App.1984), we find that the information provided by the informant surrounding appellant's identity, his whereabouts and future actions that day presented sufficient details to conclude that the informant spoke with personal knowledge or that he had gained his information in a reliable manner.

Moreover, every detail save the actual presence of methamphetamine was verified by Jacobs prior to his interception of appellant in front of the Doll House.

In assessing the relative weight of all the various indicia of reliability and unreliability attending the informant's tip, together with the corroboration furnished by Jacobs' personal observations, we conclude that a substantial basis existed for Jacobs to believe that appellant's interception was supported by probable cause. *Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984).

The trial court did not err in overruling the motion to suppress. The judgment of conviction is affirmed.