

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00188-CR

---

KEVIN LAWSON BLAYDES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3957, Honorable Stuart Messer, Presiding

---

June 30, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Kevin Lawson Blaydes, appeals from a judgment adjudicating his guilt and sentencing him to forty years in prison for engaging in criminal activity. He raises three issues attacking the sufficiency of the predicate offense (possession with intent to deliver) to support a conviction for engaging in organized criminal activity.[1] We reverse and remand.

---

[1] Appellant's original counsel filed an *Anders* brief, contending that no arguable grounds warranting an appeal could be found. Upon conducting our own analysis as mandated by pertinent authority, we found arguable issues and abated the cause for the appointment of new counsel.

*Background*

Appellant was indicted for "knowingly possess[ing] with intent to deliver, a controlled substance, namely methamphetamine, in an amount of one gram or more, but less than four grams." The State further alleged that he "did then and there commit[ted] said offense with the intent to establish, maintain, or participate in a combination or in the profits of a combination who collaborated in carrying on said criminal activity." Appellant pled guilty per a plea bargain and signed a judicial confession supporting his plea. The confession contained the following statement: "I have read the indictment or information filed in this case and that I committed each, and every allegation it contains. I am guilty of the offense alleged as well as all lesser included offenses." Per the agreement, appellant was placed on seven years' deferred adjudication (probation) and fined $7,000. The State subsequently moved to adjudicate his guilt based on his violation of several conditions of probation. The trial court heard the motion, found that appellant violated his probation, adjudicated appellant guilty of the charged offense, and sentenced him to forty years in prison.

*The Law*

The issues before us are controlled by the opinions in *Walker v. State*, 594 S.W.3d 330 (Tex. Crim. App. 2020) and *Hughitt v. State*, 583 S.W.3d 623 (Tex. Crim. App. 2019). We apply them here. In *Walker*, the State had charged Walker with "engaging in organized criminal activity based upon the commission of the 'predicate' offense of possession of a controlled substance with intent to deliver." *Walker*, 594 S.W.3d at 336. However, the court held that possessing a controlled substance with intent to deliver alone was not a predicate offense. *Id. a*t 336–37. The State had to prove that appellant not only possessed a control substance with the intent to deliver but did so "'through

forgery, fraud, misrepresentation, or deception.'" *Id.* at 337. The circumstances in *Walker* are the circumstances here.

*Analysis*

Appellant was charged with engaging in criminal activity by possessing a controlled substance with the intent to deliver. Omitted from the charge was reference to possessing through forgery, fraud, misrepresentation, or deception. Thus, he could not have been convicted of engaging in organized criminal activity as the purported crime was charged in the indictment.

Simply put, the indictment failed to charge the crime of engaging in organized criminal activity. Assuming *arguendo* that this lapse was a technical error subject to waiver if not timely raised, *see* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005) (stating that defects in the substance of an indictment are waived if not raised before trial commences), an allegation of no evidence to support a conviction is not waived if untimely asserted. This is so because a conviction supported by no evidence renders the judgment void. *Smith v. State*, 309 S.W.3d 10, 17–18 (Tex. Crim. App. 2010) (quoting *Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001)).

Again, the State endeavored to convict appellant of engaging in organized criminal activity under § 71.02(a)(5) of the Texas Penal Code. That provision required proof of a statutorily specified predicate offense before the purported crime constituted engaging in organized criminal activity. The supposed predicate offense averred by the State was knowingly possessing, with intent to deliver, a controlled substance. But, as held in *Walker*, that is not a predicate offense of engaging in organized criminal activity. So, the indictment did not actually allege that crime. And, in conceding through his "judicial confession" to guilt of "the alleged offense" and commission of the allegations within the

3

indictment, appellant admitted guilt for something which was not a crime within § 71.02(a)(5). Yet, the State would have us conclude that his concession was evidence of the crime for which he was convicted.

Admitting to assault is not proof of murder since the elements differ. For instance, the State could prove the accused intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused death of an individual to secure a murder conviction. *See* TEX. PENAL CODE ANN. § 19.02(b)(2) (West 2019) (so describing the elements of one aspect of murder). However, the accused admitting to an allegation that he intentionally caused bodily injury, *see id.* at § 22.01 (describing that as a way to commit assault), does not prove he caused death for purposes of murder. The same is true of engaging in organized criminal activity.

The crime for which appellant was convicted has elements in addition to those averred in the indictment. One such element is the predicate offense. While possessing a controlled substance may be a part of a predicate offense, there are other components. That possession was "through forgery, fraud, misrepresentation, or deception" is one of them, and it was omitted. TEX. PENAL CODE ANN. § 71.02(a)(5) (West Supp. 2020). So, admitting to mere allegations of possession with intent does not establish the omitted element touching upon forgery, fraud, misrepresentation, or deception. In turn, that means there is no evidence of the predicate offense necessary to convict appellant of engaging in organized criminal activity under § 71.02(a)(5) and his conviction for same is void.

That does not mean appellant is entitled to acquittal, though. Instead, the Court of Criminal Appeals recognized that a conviction under circumstances like those here could or should be reformed to one for possessing a controlled substance with intent to deliver

4

if the remaining conditions necessary for reformation were met. *Walker,* 594 S.W.3d at 340. Those conditions are "1) whether the [fact-finder] necessarily found all the elements of that offense beyond a reasonable doubt, and 2) whether the evidence was legally sufficient to support that offense." *Id.*

As previously mentioned, appellant pled guilty to the offense as charged and signed a judicial confession. In the latter he confessed to committing each allegation in the indictment including "all lesser included offenses." That necessarily means he also admitted to possessing, with the intent to deliver, a controlled substance in an amount of one gram or more, but less than four grams. That admission suffices to support his conviction for the lesser included offense of possessing a controlled substance with the intent to deliver. *Haney v. State*, 588 S.W.2d 913, 915 (Tex. Crim. App. [Panel Op.] 1979) (stating that the court had repeatedly emphasized that "a judicial confession to the allegations of an indictment will alone be sufficient to support a conviction on a guilty plea").

Consequently, we reform the judgment to reflect appellant's guilt for and conviction of possessing, with intent to deliver, namely, methamphetamine, in an amount of one gram or more, but less than four grams. We remand the cause to the trial court for a new trial on punishment as required by our opinion in *Walker v. State*, No. 07-16-00245-CR, 2020 Tex. App. LEXIS 6734, at *4 (Tex. App.—Amarillo Aug. 20, 2020, no pet.) (mem. op., not designated for publication). Our disposition of appellant's first issue dispenses with the need to address his second.

Brian Quinn
Chief Justice

Do not publish.

5